# Wolffe *v.* Minnis.

*Action on Common Money Counts.*

1. *Argument of counsel to jury.*—While great latitude must be allowed to counsel in addressing a jury, in the matter of drawing inferences from proven facts, facts must not be stated as facts, when there is no proof whatever of them, and any proof of them would not be legitimate evidence.

2. *Same; duty of court in restraining.*—It is the duty of the court to interfere, *ex mero motu*, and arrest counsel who go beyond the limits of legitimate argument; and when objection is duly interposed to the improper language used, the court should instruct the jury in plain terms, that the remarks are not legitimate argument, and must not be considered by them for any purpose. It is not enough that the counsel himself, on objection being made, withdraws his remarks, by saying "Oh, well, I'll take it back."

APPEAL from the City Court of Montgomery.
Tried before the Hon. THOS. M. ARRINGTON.

[Wolffe v. Minnis.]

This action was brought by John A. Minnis against Frederick Wolffe, to recover an alleged balance due on account of moneys deposited by plaintiff with the banking-house of Wolffe, Hertz & Co., of which the defendant was a partner. The complaint contained only the common money counts. The defendant pleaded, "in short by consent," the general issue, and a special plea averring that, on an accounting between plaintiff and defendant, a small balance was ascertained to be due to plaintiff, and was afterwards paid on his order; and issue was joined on these pleas. On the trial, as appears from the bill of exceptions, the plaintiff testified as a witness for himself, and stated, in substance, that he deposited with the defendant's said banking-house, between the spring of 1875 and November, 1880, all the warrants drawn in his favor by the Board of Revenue of Montgomery county, for salary and fees due him as judge of the City Court of Montgomery, amounting to about $19,000, and had drawn out in checks, from time to time, up to July, 1881, about $16,800; and he claimed that the balance was still due him. The defendant then introduced evidence tending to show that, in July, 1881, "plaintiff had drawn out by check all that was on deposit in his name with said banking-house, except the sum of $1.44; and that subsequently, on being informed, in answer to inquiries, that said balance was to his credit, he drew out that amount by check to close the account." The plaintiff then testified, in rebuttal, "that after he had drawn said check for $1.44, he called on defendant for a statement of his account, and for all his checks for examination, stating at the time that he wanted them to ascertain to whom he had been lending money, of which he kept no account, and to see if he could not collect some of his loaned money; that he found, on examination of the account, that the defendant had not given him credit for all of his warrants; that he had been economical, had boarded with his mother-in-law from December, 1874, to October, 1875, and had but little cause to spend money; and that he had the utmost confidence in the defendant's honesty and financial ability, and trusted him to keep the account correctly." One of the plaintiff's attorneys, in his concluding argument to the jury, said: "Judge Minnis, gentlemen, is a large-hearted, great-souled man, confiding and trusting. He is not one of those grasping men who keep a strict account of every cent they spend. If a poor widow should come to him, and tell him she was without bread, as quick as thought, he would run his hand into his pocket, and, pulling out a ten-dollar bill, would say to her, 'Here, take this, and go buy you a barrel of flour.'" The bill of exceptions states that "there was no evidence, other than as above stated, tending to show" the facts so stated by counsel. "The

[Wolffe v. Minnis.]

defendant's counsel· called the attention of the court to these remarks, and objected to the same, upon the ground that there was no evidence in the cause to support said remarks; that the counsel was assuming facts to exist, which were not in evidence; and that said statement of facts would not have been legal evidence, if it had been offered as such. Thereupon, plaintiff's counsel said, ' *Oh, well, I'll take it back.*' The defendant's counsel said to the court, 'The defendant insists on his objection.' The court said nothing—did not withdraw said remarks from the jury, nor instruct them not to consider the same, and did not take any action in reference thereto; and the defendant excepted thereto. The defendant did not expressly ask the court to instruct the jury not to consider the same, and did not expressly ask the court to take any action in reference thereto."

It is now assigned as error by the defendant below, that the court erred in allowing plaintiff's counsel to make said remarks to the jury, and in not withdrawing said remarks from the jury, and in not instructing the jury that they must not consider said remarks for any purpose.

RICE & WILEY, and D. CLOPTON, for appellant, cited *Scripps v. Reilly*, 35 Mich. 371, or 24 Amer. Rep. 583; *Darby v. Ousely*, 36 Eng. L. & Eq. 518; *Bullock v. Smith*, 15 Geo. 395; *Berry v. The State*, 10 Geo. 511; *Mitchum v. The State*, 11 Geo. 615; *Dickerson v. Burke*, 25 Geo. 225; *Read v. State*, 2 Indiana, 438; *Tucker v. Hennicker*, 41 N. H. 317; *Martin v. Omdorff*, 22 Iowa, 504; 5 Jones, N. C. 224; *Fry v. Bennett*, 3 Bosw. 200; *Mitchell v. Borden*, 8 Wendell, 570; *Willis v. Forrest*, 2 Duer, 310; *Randall v. Brigham*, 7 Wallace, 540; *State v. Reilly*, 4 Mo. App. 392; *State v. Degonia*, 69 Mo. 485; *Long v. The State*, 56 Indiana, 182; *Com. v. Scott*, 123 Mass.; *Cobb v. Cobb*, 79 N. C. 589; *Brown v. Swineford*, 44 Wisc. 282; *Cross v. The State*, 68 Ala. 476; *Sullivan v. The State*, 66 Ala. 51; *McAdory v. The State*, 62 Ala. 154.

WATTS & SONS, and TROY & TOMPKINS, *contra.*—The remarks objected to were not outside the limits of legitimate argument. The evidence certainly tended to show that the plaintiff was confiding and trusting in a very high degree—depositing large sums of money in defendant's bank, keeping no accounts, and intrusting every thing to the honesty and fidelity of the defendant and his clerks; lending out money, and not knowing the sums loaned, or the names of the borrowers. The objection was to the remarks as a whole; and if any part was free from objection, the court might have overruled the objection entirely But the record shows that the court did not overrule the objection, nor did it overrule any motion

[Wolffe v. Minnis.]

or objection distinctly made by the defendant; and the remarks objected to having been withdrawn by counsel, there was no necessity for the interference of the court, in the absence of a request for instructions on the part of the defendant. Under the rule laid down in the case of *Cross v. The State* (68 Ala. 476), which shows the correct practice, the record does not contain enough to put the court in error.

STONE, J.—The remarks made by counsel in this cause, and objected to, were not only not supported by any evidence, but they were impertinent to the issue the jury were sworn to try. Any offer to make proof of the matters stated, would have been ruled out as illegal. "Large-hearted, great-souled, confiding, trusting," when used as attributes of character, are facts; and are provable as other traits of character are, when they become a material subject of inquiry, if they ever can become so. They were not material in this case. If pertinent facts had been in evidence, tending to show the plaintiff possessed these traits of character, we will not say counsel would have been beyond bounds, if he had contended, as an inferential fact, that his client possessed such traits. Much latitude must be allowed to counsel, in the matter of drawing inferences from proven facts. We would not interdict free advocacy. Facts, however, must not be stated, as facts, of which there is not only no proof, but of which there can legitimately be no proof.

We think the language complained of in this case should not have been indulged; and coming as it did from able, eminent counsel, it was well calculated to exert an improper influence on the minds of the jurors. The court might, and probably should, have arrested it *ex mero motu.* It is one of the highest judicial functions, to see the law impartially administered, and to prevent, as far as possible, all improper, extraneous influences from finding their way into the jury-box. And when opposing counsel objected to the improper language employed, and called the attention of the court to it, it was not enough that offending counsel replied, "Oh, well, I'll take it back." Such remark cannot efface the impression. The court should have instructed the jury, in clear terms, that such remarks were not legitimate argument, and that they should not consider any thing, thus said, in their deliberations. Nothing short of a prompt, emphatic disapproval of such line of argument, and that from the court itself, can avert the probable mischief. *Sullivan v. The State,* 66 Ala. 48; *Cross v. The State,* 68 Ala. 476.

Reversed and remanded.