# Tannehill *v*. The State.

### *Murder.*

(Decided Feb. 2, 1909.  48 South. 662.)

*Criminal Law; Trial; Argument of Counsel.*—It is error to permit remark of· counsel stating facts that are not in evidence before the jury to be allowed.

APPEAL from Shelby Circuit Court.

Heard before Hon. A. H. ALSTON.

Sam Tannehill was convicted of murder in the second degree, and he appeals.  Reversed and remanded.

F. S. FERGUSON, for appellant.  The remarks of the solicitor were wholly unsupported by the evidence and the refusal of the court to withdraw them from the jury was error to the great injury to the appellant.—*Scott v. State,* 110 Ala. 48; *Drennen v. State,* 185 Ala. 69; *B,ham Nat. Bank v. Bradley,* 116 Ala. 142; *Cunningham v. State,* 117 Ala. 59; *Brock v. State,* 123 Ala. 24; *Coffin v. State,* 123 Ala. 58; *Fitzpatrick v. Bank,* 127 Ala. 589; *Ragland v. State,* 125 Ala. 12; *Johnson v. State,* 134 Ala. 54; *White v. State,* 136 Ala. 58; *Davis v. Alexander City,* 137 Ala. 266; *Hundley v. Chadick,* 109 Ala. 575; *Flor ence Co. v. Field,* 104 Ala. 471; *Bates v. Morris,* 101 Ala. 282; *Dollar v. State,* 99 Ala. 236; *Haynes v. McRea,* 101 Ala. 319; *Pollock v. Hames,* 94 Ala. 421; *Wolffe v. Minnis,* 74 Ala. 389; *Cross v. State,* 68 Ala. 467; *Sullivan v. State.* 66 Ala. 48; *Railand v. Bayless,* 75 Ala. 466.

ALEXANDER M. GARBER, Attorney-General, and BOR- DEN H. BURR, Solicitor, for the State.  The court did not err in not excluding the remarks of the solicitor from

the jury.—*Cross v. The State*, 68 Ala. 484; *Lide v. The State*, 133 Ala. 43; *Jacksson v. The State*, 136 Ala. 22; *Dennis v. The State*, 139 Ala. 109; *Pul v. The State*, 144 Ala. 125.

SIMPSON, J.—The appellant was convicted of the crime of murder in the second degree, and sentenced to 30 years in the penitentiary.

The defendant, who is a colored man, sought to prove an alibi, and, to prove the same, examined one white man and three colored men. The solicitor, in closing his argument to the jury, said: "The only defense to these confessions of the defendant, with the corroborating facts shown by Mr. McBride and Mr. Martin, is the ali bi set up by a lot of negro witnesses. Why, gentlemen, if you acquit this man on such an alibi as this, you can never expect to convict another negro of crime in this country. You know the negro race—how they stick up to each other when accused of crime, and that they will always get up an alibi, prove it by perjured testimony of their own color, and get their accused companion clear if they can." Counsel for defendant excepted to these remarks, and moved the court to exclude same from the jury.

It is the duty of the court to see that the defendant is tried according to the law and the evidence, free from any appeal to prejudice or other improper motive, and this duty is emphasized when a colored man is placed upon trial before a jury of white men. Courts in some other jurisdictions have held, on what seems to be good reason, that the injury done by such remarks cannot even be atoned by the retraction or the ruling out of the remarks; but at least it is error, as held by our own courts, for such remarks, stating facts that are not in evidence before the jury, to be allowed.—*Florence Cot*

*ton & Iron Co. v. Field,* 104 Ala. 472, 480, 16 South 538; *Anderson v. State,* 104 Ala. 84, 87, 16 South. 108; *Dollar v. State,* 99 Ala. 236, 237, 13 South. 575; *Wolffe v. Minnis,* 74 Ala. 386, 389; *E. T. V. & Go. R. v. Bayliss,* 75 Ala. 466, 470; *Sullivan v. State,* 66 Ala. 48, 50, 51: *Quinn v. People,* 123 Ill. 333, 15 N. E. 46.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and DENSON and MAYFIELD, JJ., concur.