# James v. The State.

*Malicious Injury to Animals.*

(Decided Feb. 9, 1911.    54 South. 494.)

1. *Trial; Argument of Counsel.*—Where there was no evidence to
warrant the statement of the solicitor, made in argument, that if the
negro was taken out of court, there would not be much left, it was
reversible error to permit such argument.

[James v. The State.]

2. *Animals; Malicious Injury; Indictment; Damage or Injury.*— Under section 6230, an indictment for wanton or malicious injury to animals need not aver the amount of damage or the injury, although the state .may under the indictment show the extent of the injury.

3. *Same; Penalty.*—The proper test in arriving at the damage contemplated by section 6230, Code 1907, is the value of the animal before and after the injury, and not compensation for loss of the use of the animal during its disability.

4. *Same; Evidence.*—Where the prosecution is for malicious injury to an animal, it was competent for the state· to show in rebuttal to the defendant's evidence that the animal was in defendant's field on the day of the alleged injury.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Will James was convicted of malicious injury to an animal and he appeals. Reversed and remanded.

A. E. PACE, and W. L. LEE, for appellant. Appellant concedes that under the case of *State v. Thomas,* 52 Sou. 34, the indictment was sufficient. The court erred in permitting it to be shown how long after the injury before the owner was able to use the milk of the cow. The test is the difference in value before and after the injury.—*McCormack v. The State,* 102 Ala. 161; *State v. Wisdom,* 8 Port. 511; *Whittaker v. The State,* 106 Ala. 30; *Curtis v. The State,* 118 Ala. 125; *Thompson v. The State,* 20 Ala. 54. The value of the animal killed or injured does not bear on the question of guilt vel non.— *Ashworth v. The State,* 63 Ala. 120. A witness cannot be impeached on an immaterial matter.—*So. Ry. Co. v. Dickens,* 161 Ala. 144. The argument of the solicitor was error to reversal.—*Iron Co. v. Field,* 104 Ala. 472; *Scott's Case,* 110 Ala. 48; *Etheridge v. The State,* 124 Ala. 106.

ALEXANDER M. GARBER, Attorney General for the State.

ANDERSON, J.—The expression of the solicitor, in the course of argument, that "if the negro was taken out of court there would not be much left," was not warranted by any evidence in the case, nor is it a fact of which this or any other court can take judicial knowledge; for it is a matter of common knowledge that much would be left for the courts with the negro eliminated, as they are not the only lawbreakers in the state. "It is the duty of the court to see that the defendant is tried according to the law and the evidence, free from any appeal to prejudice or other improper motive, and this duty is emphasized when a colored man is placed upon trial before a jury of white men. Courts in some other jurisdictions have held, on what seems to be good reason, that the injury done by such remarks cannot even be atoned by the retraction or the ruling out of the remarks; but at least it is error, as held by our own courts, for such remarks, stating facts that are not in evidence before the jury, to be allowed." —*Tanehill v. State,* 159 Ala. 51, 48 South. 662, and many cases there cited.

The indictment was not subject to the demurrer for failing to aver the amount of the damage or injury to the cow.—*Thomas v. State,* 166 Ala. 40, 52 South. 34. Nor was there any error in permitting the state, in rebuttal, to show that the cow was in the defendant's field the day of the alleged injury.

The state had the right to show the extent of the injury to the cow, and the value of the cow before and after the injury was the proper test for the jury in fixing the damages, and upon which is based the amount of the fine, under section 6230 of the Code of 1907; but the damage contemplated is only the actual damage to the property injured, and not damages resulting therefrom in the nature of compensation for the use or hire of same during the disability of the animal.

[Vickers v. The State.]

The judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and SAYRE, and SOMERVILLE, JJ., concur.