88 So.2d 170

### Burl McLEMORE

v.

### INTERNATIONAL UNION, UNITED AUTOMOBILE, AIRCRAFT AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, C. I. O., an unincorporated organization, et al.

8 Div. 814.

Supreme Court of Alabama.

Feb. 2, 1956.

Rehearing Denied June 21, 1956.

Horace C. Wilkinson, Birmingham, and Julian Harris and Norman W. Harris, Decatur, for appellant.

540

Adair & Goldthwaite, Atlanta, Ga., Harold A. Cranefield, Detroit, Mich., and Sherman B. Powell, Decatur, for appellees.

MERRILL, Justice.

Plaintiff McLemore sued the defendant Unions and one Michael Volk, alleging that they prevented him from working at his job at the copper plant in Decatur, by means of unlawful picketing and committing an assault and battery on him. The jury awarded a verdict of $8,000. Defendants filed a motion for a new trial which was granted, and it is from that ruling that this appeal is taken.

In the language of the trial judge, "the pivotal question raised by the motion for a new trial is whether the arguments of one of plaintiff's attorneys complained of, constituted such prejudicial error as to require a new trial". The questioned argument was not objected to at the time of its utterance; thus, no part of same was reported by the court reporter. The matter was presented on the hearing of the motion for a new trial by three affidavits; one by an attorney for the defendants, one by the plaintiff and one by one of plaintiff's attorneys, Mr. Horace C. Wilkinson.

We quote from amended ground 88 of the motion for the new trial, which adequately shows the matters complained of:

"88. For that, in closing argument, Mr. Horace Wilkinson, attorney for the plaintiff, made certain highly and grossly inflammatory, erroneous, illegal and prejudicial remarks and arguments, and engaged in highly prejudicial conduct in an appeal to the racial bias and prejudice of the jury, which remarks, arguments and conduct necessarily inflamed and prejudiced the minds of the jury against the defendants, and entered into and affected the verdict of the jury adversely to the defendants, and which remarks were incurable and demand the grant of a new trial to the defendants, said remarks, arguments and conduct being in substance as follows, and said remarks being stated to the jury on two occasions in said argument:

"Before his argument Mr. Wilkinson wrote on the floor of the courtroom next the counsel table of the defendants and in front of the jury, the word 'Equality' in large letters and with white chalk; and on the floor of the court room next the counsel table of the plaintiff, and in front of the jury the word 'Liberty' in large letters with white chalk. On the word 'Equality' he placed the Constitution of the defendant union, and on the word 'Liberty' he placed a volume of the Code of Alabama. During said argument Mr. Wilkinson pointed to the word 'Liberty' and the volume of the Code of Alabama, stating in substance that the Constitution of the United States and the Constitution of the State of Alabama guaranteed to the plaintiff liberty in his right to work free from interference, and pointing to the word 'Equality' and the Constitution of the defendant Union, stating in substance that there is not one thing in the Constitution of the United States or in the Constitution of Alabama about equality; and in connection with said argument Mr. Wilkinson stated in substance that he would not walk a picket line with a negro and that he would not belong to any union which admitted negroes to membership or that there are still people in Morgan County who would not walk a picket line with a negro and that there are still people in Morgan County who would not belong to any union which admitted negroes to membership. It was in evidence that negroes were admitted to membership in the defendant union in Decatur, Alabama and participated in picketing during the strike in issue."

The body of Mr. Wilkinson's affidavit is as follows:

"Horace C. Wilkinson being duly sworn says that during his argument to the jury in McLemore's case against the Union affiant referred to the historical fact that Jefferson's statement in the Declaration of Independence that 'all men are created equal' was a false philosophy that never took root in America and was used by Jefferson to enlist support of the French. That when the National Constitution was written the 'all men are created equal' doctrine was abandoned and in its place our forefathers said they were founding our system of government

to secure for ourselves and our posterity the blessings of liberty.

"Affiant further stated that a carpet bag constitution contained the doctrine that 'all men are created equal' was forced on the people in 1867 and as soon as Governor Houston redeemed the State in 1875 a new Constitution was adopted in which the 'all men are created equal' doctrine was discarded and in its place the doctrine that all men are equally free and independent was made Article 1 of the new Constitution, which was carried forward into the Constitution of 1901 where it has remained to this day.

"It was in evidence that the Union had several negro members who attended the Union meetings and walked the picket line. Defendants' counsel repeatedly criticized McLemore for not abiding by the will of the majority. They argued that the will of a majority of the employees was to strike the

plant and to picket it. In reply to that affiant stated: They criticize Mc-Lemore for not abiding by the will of the majority. There are men in Morgan County who will not sit in a Union Hall with a negro. There are men in Morgan County who will not walk a picket line with a negro. I don't blame them. They have as much right to their opinion about that as the Union has to a contrary opinion. They have as much right to have their wishes respected as others have to have their wishes respected. Affiant never stated, so far as he can recall, that he wouldn't picket with a nigger. Neither did he say, so far as he can recall, that he would not belong to an organization that had niggers for members. Affiant had no reason to refer to his personal attitude towards such matters.

"Affiant did point out that in incorporating the doctrine that 'all men are created equal' in its Constitution, the Union was standing for a doctrine that was repudiated when the National Constitution was written and for a doctrine which was thrown out of the window by the people of Alabama. Affiant further says that his argument that there were men in Morgan County who would not sit in a Union Hall with a negro and would not walk a picket line with a negro was solely in reply to the argument repeatedly made by counsel for defense that all the hourly paid employees who attended the union meeting unanimously voted to strike and to picket, and that Mc-Lemore was not willing to go along with them.

"Affiant did not state that the union sought to enforce equality on all employees by means of the strike in issue. No objection was made to the argument of affiant before the verdict was returned in said cause.

"Affiant did write 'Liberty' and 'Equality' on the floor of the courtroom in front of the jury and he placed the Constitution of the Union, which had been introduced in evidence, beside the word 'Equality' and affiant appealed to the jury to stand behind the Constitution of the State and Nation instead of the false doctrine in the Union Constitution.

"Affiant had with him at the time and very closely followed parts of the address of Hon. R. Carter Pittman to the Bar Association, printed in the Alabama Lawyer, October, 1954—beginning at page 343, entitled Liberty or Equality."

■ The appellant's first contention is that "the verdict of the jury was not contrary to the evidence and was not excessive and hence was not the result of improper argument". This same argument was made in the case of Williams v. City of Anniston, 257 Ala. 191, 58 So.2d 115, 117, wherein we said:

"The test, however, is not that the argument did unlawfully influence the verdict, but that it might have done so. City of Montgomery v. Quinn, 246 Ala. 154, 19 So.2d 529; Roan v. State, 225 Ala. 428, 143 So. 454."

Applying this test, as did the trial judge to the facts in the instant case, we are unable to say that the questioned argument might not have influenced the verdict.

■ It is also contended that the action of the trial judge in granting the motion for a new trial on the ground of improper argument was a determination that there was no merit in any other ground of the motion, including grounds that the verdict was excessive, was the result of bias or prejudice, or was contrary to the evidence. This argument cannot prevail. A determination by the trial judge that one ground for a motion for a new trial has merit, is not, without more, a determination that all other grounds of the motion are without merit. We said in the case of Rhodes v. Roadway Express Co., 261 Ala. 14, 73 So.2d 740, 742,

"In reviewing the action of the trial court in granting a motion for new trial, the inquiry is not limited to

the grounds on which the motion was granted. Sullivan v. Alabama Power Co., 246 Ala. 262, 269, 20 So.2d 224. And it is open to appellee to show error in the trial on any other of the grounds assigned in the motion. Sullivan v. Alabama Power Co., supra; Thomas v. Carter, 218 Ala. 55, 59, 117 So. 634. However, when as here, the trial court specifies the ground upon which the motion is granted, this court, when considering another ground of the motion, will not indulge in favor of such other ground the presumption which we would accord the ground specified. Cook v. Sheffield Co., 206 Ala. 625, 626, 91 So. 473."

■ It is next contended that the questioned argument was provoked by improper argument of opposing counsel and that it was retaliatory and in reply to such improper argument. The finding of the trial judge in this regard, was in part as follows:

"* * * This Court is at the conclusion the language here used and complained of was not logically provoked or invited by the argument made by the defendants' attorney and not justified by it. A legitimate argument by one attorney does not justify an illegitimate reply by his opponent in retaliation."

We think the above finding is supported by the evidence. The fact that Negroes attended the Union meetings and participated in picketing was brought out not by the defendants but by the plaintiff. Likewise, the copy of the Union's Constitution, which was in evidence, was introduced by the plaintiff and not by the defendants.

■ Appellants next contend that "since defendants interposed no objection to the argument at the time it was made, and therefore speculated on the verdict of the jury, they should not be heard to complain of the argument." It is true as a general rule, improper argument of counsel does not constitute grounds for a new trial unless there is timely objection or a motion to exclude, a ruling thereon by the court and an exception thereto, or a refusal by the Court to make a ruling. However, as stated in Anderson v. State, 209 Ala. 36, 95 So. 171, 179,

"An exception to the general rule requiring appropriate objection or motion invoking corrective instruction or action by the trial court is where the remark or argument of counsel is so grossly improper and highly prejudicial to the opposing party as that neither retraction nor rebuke by the trial court would have destroyed its sinister influence (B. R. L. & P. Co. v. Gonzalez, supra [183 Ala. 273, 61 So. 80]; Moulton v. State, supra [199 Ala. 411, 74 So. 454]; B. R. L. & P. Co. v. Drennen, supra [175 Ala. 338, 57 So. 876]; L & N. v. Sullivan Timber Co. supra [126 Ala. 95, 27 So. 760]; Florence C. & I. Co. v. Field, 104 Ala. 480, 16 So. 538; Birmingham Nat. Bank v. Bradley, 108 Ala. 205, 19 So. 791; Wolffe v. Minnis, supra [74 Ala. 386]), as recognized appeals to race or class prejudice (Tannehill v. State, 159 Ala. 51, 48 So. 662; James v. State, 170 Ala. 72, 74, 54 So. 494; B. R. L. & P. Co. v. Drennen, supra; L.R.A.1918D, 10, 24, 32, notes; Moulton v. State, supra)."

Two of our most recent cases which recognize the existence of the quoted exception are Washington v. State, 259 Ala. 104, 65 So.2d 704, and Jackson v. State, 260 Ala. 641, 71 So.2d 825.

We are impressed by a statement of the trial judge in his opinion on the motion for the new trial where he stated

"The argument set forth in the affidavit of the attorney was calculated to excite the minds of the jury and stir their resentment and to prejudice them against an organization that stood for the equality of the races. Unquestionably, recent events have created an atmosphere that is sur-charged with uncertainty, apprehension and a feeling that sacred constitutional rights are being invaded. We all have to

take a grip on our tempers. Words that heretofore would be heard with equanimity may now inflame and burn. This Court is unable to escape the conclusion that the argument was highly prejudicial. This Court, also, confesses its dereliction in not acting sua sponte in stopping the argument before it had gone too far."

We are at the conclusion as was the trial judge, that the argument here complained of should not have been indulged. In the case of Loeb v. Webster, 213 Ala. 99, 104 So. 25, 27, this Court stated:

"This court has frequently held an appeal to race prejudice constitutes a most serious breach of the privilege of argument to the jury, and such appeals have met with frequent condemnation by this court. Tannehill v. State, 159 Ala. 51, 48 So. 662; Anderson v. State, 209 Ala. 36, 95 So. 171; Moulton v. State, 199 Ala. 411, 74 So. 454. We see no occasion for any race question to have been injected into the statement of the case, nor justification therefor, and we will assume that as a matter of course this question will not again arise upon another trial of the cause".

 The position of a trial judge is such that he is better able than we to ascertain the extent to which improper arguments may have on the minds of jurors. It is the duty of the trial court on motion to set aside a verdict and grant a new trial if the judge has a definite and well considered opinion that such improper argument was prejudicial to the extent that its harmful influence was not or could not be eradicated. Certainly the trial judge in the instant case deemed it necessary under the circumstances to grant a new trial. And because he saw and heard the parties, observed the jurors and their reaction, presumption is indulged in favor of his ruling granting or refusing a new trial. 2 Ala. Digest, Appeal and Error, ☞933(1).

We are convinced that under the circumstances existing in this case, that the argument of counsel was " ' "so grossly improper and highly prejudicial, that its evil influence and effect could not be eradicated from the minds of the jury by any admonition from the trial judge" ' ". National Biscuit Co. v. Wilson, 256 Ala. 241, 54 So.2d 492, 497; Alabama Great Southern R. Co. v. Gambrell, 262 Ala. 290, 78 So.2d 619.

The judgment of the circuit court is affirmed.

Affirmed.

LAWSON, SIMPSON, STAKELY, GOODWYN and MAYFIELD, JJ., concur.

LIVINGSTON, C. J., dissents.