179 So.2d 159

James GURLEY

v.

STATE.

8 Div. 992.

Court of Appeals of Alabama.

Aug. 31, 1965.

Rehearing Denied Oct. 5, 1965.

Ralph E. Slate, Decatur, for appellant.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

CATES, Judge.

This appeal was submitted December 10, 1964.

Gurley appeals from a conviction on May 11, 1964, of murder, second degree, bearing a ten-year prison term.

The indictment came on for trial May 11; after mesne continuances, the court heard and overruled motion for new trial on July 13.

The sole question for us to decide is whether or not the court took sufficient curative action as to a claim of racial prejudice in argument.

I.

The facts as viewed from verdict are:

On a Saturday night in January, 1963, the St. John's Missionary Baptist Church on the Somerville Road east of Decatur, Alabama, gave a social party. This was a benefit event to meet a payment on a Butane gas system installed by the congregation.

Admission was charged, sandwiches were sold and there was a band for dancing. Some seventy-five to one hundred persons, all Negroes, were in attendance.

Defendant and his uncle were threatened by a visitor from Huntsville who used a

pistol to chase the uncle. The defendant left the building and returned with a shotgun. Steadying the gun on the top of an automobile, he shot into the open door and hit the deceased who was, from all testimony, an innocent bystander.

II.

The matter which came up in the solicitor's argument appears in the record as follows:

"During the course of Mr. Hundley's argument, Mr. Slate stated as follows:

"MR. SLATE: He keeps referring to 'they out there', and we respectfully object specifically to the statement: 'How do you know that they wont get up their nerve and shoot up Second Avenue? How do you know they wont put a weapon under their belt and shoot up an officer when he asks for their driver's license?'

"I object to that specifically,—for what reason the Court knows.

"MR. HUNDLEY: The State has reference to the youthful lawless element of Morgan County.

"MR. SLATE: We move for a mistrial. We object to the statement and respectfully move for a mis-trial.

"THE COURT: Gentlemen, the arguments as made by counsel may be, if you use your imagination,—could be implied to cover an unlimited situation, —state of affairs. Arguments, if you take them far enough, could be entirely immaterial, while if you use your common judgment, which the Court presumes you do, you can apply them only to the facts of this case, and how it affects this case, and you will not take anything into consideration other than the evidence in this case, and the Court must be governed by those rules, knowing you are going to act as reasonable men. Otherwise it would be impossible to try a law suit. As stated before, both the Solicitors and defense counsel

have the right to argue their inferences from the evidence. Any reference to any case other than this case, if you use your imagination and take it so far, would be improper, and I instruct you not to do so. But since the Court construes this, when reasonably construed, to be within reasonable bounds of argument, I'll overrule the objection, and overrule the motion for a mis-trial."

In Tannehill v. State, 159 Ala. 51, 48 So. 662, the elder Mr. Justice Simpson pointed out that in some jurisdictions the reference to the prejudice based on color cannot be atoned by retraction or ruling out of remarks. The Alabama cases since Tannehill well nigh without exception, hold that prompt eradication of a reference to race is necessary. Moulton v. State, 199 Ala. 411, 74 So. 454; Anno. 45 A.L.R.2d 303, at 333.

Had the instant reference been direct, that is, had the solicitor here used an unmistakable noun such as "Negroes" instead of the undefined "they," we should have an altogether different case before us.

In such a context the opening of the opinion in James v. State, 170 Ala. 72, 54 So. 494, might then have become appropriate. There, Anderson, J., stated:

"The expression of the solicitor, in the course of argument, that 'if the negro was taken out of court there would not be much left,' was not warranted by any evidence in the case, nor is it a fact of which this or any other court can take judicial knowledge; for it is a matter of common knowledge that much would be left for the courts with the negro eliminated, as they are not the only lawbreakers in the state. * * *"

However, in the instant case, on Gurley's motion for new trial, there was no evidence adduced, either orally or by affidavit, to show that Second Avenue in Decatur was a neighborhood or area largely frequented by Negroes. We cannot say that Negroes

have a monopoly of shooting at police officers who ask for a driver's license.

In view of the very light sentence, the minimum for second degree murder, and of the overwhelming evidence of the defendant's guilt, we cannot say that the matter here, since it did not refer to Negroes expressly as being lawless, had any effect on the jury's verdict. Holland v. State, 247 Ala. 53, 22 So.2d 519 (Hn. 4); Flowers v. State, 269 Ala. 395, 113 So.2d 344.

A reduction of the offense by the jury to voluntary manslaughter could still have resulted in a ten-year sentence. Accordingly, even under the most extreme view of the argument, there was no rational basis to believe that the defendant would have fared better if the remarks referred to had not been made before the jury.

We have carefully considered the entire record in the light of the statute (Code 1940, T. 15, § 389), and conclude that the judgment below is due to be

Affirmed.