The plaintiffs, James and Shirley Lawrence, brought an action against Alabama Power Company to recover damages arising out of an electrical fire at their home. Following trial the jury returned a verdict for the defendant. The plaintiffs have appealed from the trial court's denial of their motion for a new trial. We affirm.
As stated by the plaintiffs in their designation of the transcript, see Rule 10 (b)(1), and in brief, the controlling issue for review is whether certain remarks made by defense counsel during closing argument were so grossly improper as to constitute ineradicable error.
In the course of denying the plaintiffs' motion for a new trial, the trial court executed the following findings and opinion:
This cause being heard on Plaintiffs' Motion For New Trial, and the same being submitted on the Motion, arguments of counsel, briefs and partial transcriptions of the final arguments of counsel; and the Court having heard and considered same, finds as follows:
Plaintiffs contend as the sole ground argued that a portion of the closing argument to the jury made by one of the defense attorneys was so grossly improper and highly prejudicial that neither retraction nor rebuke would have destroyed its sinister *Page 987 
effect, and that a new trial should be granted.
Specifically the Plaintiffs cite the following portion of defense counsel's argument:
 "You have a duty to listen when he says that the Plaintiff must prove by his evidence that he is entitled to recover, that the Power Company is negligent, that the fire was caused by defective electricity, resulting from the negligence of the Power Company. In other words, the Plaintiff must prove that and if he has not, then you cannot return a verdict in his favor. And that's sometimes not an easy thing, and I know it's not an easy thing in this case. The easy thing would be [to] say, `Okay, we feel sorry for these people and therefore we're going to return a verdict against the Power Company. They can afford to pay it.' And that's true, and the rates will be passed on because it's a public utility, and the rates are based on the expenses, and it'll be passed on, but you are the law in this case, and so you have to answer the question today."
Plaintiffs' Exhibit 1.
As a general rule, improper arguments by an attorney [are] not sufficient ground for a new trial absent a timely objection or a motion to exclude and a ruling thereon, or a refusal by the trial court to make a ruling. McLemore v. International Union, etc.,264 Ala. 538, 88 So.2d 170 (1956); Alabama Power Co. v.Henderson, 342 So.2d 323 (Ala. 1976).
An exception to the general rule arises if the remark or argument of counsel is so grossly improper and highly prejudicial to the opposing party that neither retraction nor rebuke by the trial court would have destroyed its sinister influence. Andersonv. State, 209 Ala. 36, 95 So. 171 (1922); McLemore, supra.
There was no objection to the remarks of defense counsel in this instance, nor was there a motion to exclude the remarks or a motion for mistrial. Plaintiffs do not contend by motion, in brief, or by oral argument that there was no opportunity to object or make an appropriate motion. ARCP Rule 46 does not eliminate the necessity for some action on the part of counsel. Rule 46 only reaffirms the rules stated by such cases asMcLemore, supra, and Anderson, supra. The rule provides that ". . . it is sufficient that a party, at the time the ruling or order of the Court is . . . sought, makes known to the Court the action which he desires the Court to take. . . ." The Committee Comments to Rule 46 state:
 "However, doing away with exceptions does not eliminate the necessity for making known to the court the action that a party seeks from the court or the objection to the action of the court and the grounds therefor. Objections have the obvious purpose of apprising the court of the claimed error in order that it might be avoided. A party cannot sit silently as error is committed, speculating upon the verdict being in his favor, and then put the trial judge in error except in case of plainly prejudicial error. Ford v. United Gas Corp., 254 F.2d 817 (5th Cir. 1958), cert. denied 358 U.S. 824, 79 S.Ct. 40, 3 L.Ed.2d 64 (1958).
 "Of course, Rule 46 applies to . . . the arguments of counsel . . ."
Further, ARCP Rule 61 applies to arguments of counsel inappropriate situations. See, e.g., Ott v. Fox, 362 So.2d 836, 840
(1978).
Thus, the question before the Court is whether the remarks of defense counsel in his argument were either: "so grossly improper" and "highly prejudicial" to plaintiffs that "its evil influence and effect could not be eradicated from the minds of the jury," A.G.S. Railroad Co. v. Garbrell, 262 Ala. 290,78 So.2d 619 (1955); or, a case of "plainly prejudicial error." Committee Comments, ARCP Rule 46. Such a determination must be made on a case-by-case basis. Birmingham Rwy., L. P. Co. v.Gonzales, 183 Ala. 273, 61 So. 80 (1913).
Defense counsel counters the contentions of Plaintiffs' counsel by stating that any remarks made were not sufficient to invoke the Anderson exception to the general rule. *Page 988 
Further, defense counsel argues that his comments were merely a reply in kind to Plaintiffs' argument that:
 "[W]e all know that the Power Company is a utility; that you trade with them; that it's what we call a monopoly, that you have to trade with them or go back to your kerosene lights or something or other, which don't any of us want to do."
Defendant's Exhibit 1.
This argument, defense counsel says, constituted an improper appeal to any sympathy, bias or prejudice the jurors may have had against the Defendant. Thus, he argues that as such it cannot constitute error, and cites St. Clair County v. Bukacek, 272 Ala. 323, 131 So.2d 683 (1961), which holds:
 "Replies in kind do not amount to reversible error. Statements or arguments of counsel which are provoked or produced by statements or arguments of opposing counsel can furnish no ground for complaint or corrective action." [citations omitted].
272 Ala. at 331, 131 So.2d at 691.
He further points to the closing argument by Plaintiffs' counsel, who stated:
"Now, I listened with — to Mr. Zeanah where he made the remark, in substance, that if you return a verdict here and give these people anything it would be passed on in rates to you. Now, I don't believe of these twelve people on this jury that anybody on here is so selfish that they would deny awarding a verdict to these people that lost everything in the world on account of the faint possibility that way on down the line your electrical rates are going to be increased from it. If so, our jury system is done for. Now, he left that inference with you in his argument. But where these people are entitled to it and to then say, `Well, they're entitled to it, but I'm not going to give a verdict because it may run up the light bill,' and, of course, all of us are crying about our high light bill and electric bills now. But where you talk about a small few cents like that, I don't think there's a member on this jury, where they feel these people are entitled to be paid — that Beam should have cut off that power that night and saved their home and everything else — even if it does run up your electrical bill on down the line, it would be less than one cent a month for the $42,000 I'm asking here. And let me point out something else. Mr. Zeanah says `Don't give these people anything. You'll run up your rate bill.' That was what he argued. On the other hand, isn't it an unusual proposition to where here's the average people of Tuscaloosa County have filed a suit against this utility, this power company with all [its] power, and to bring against those two people there 30 lawyers from Birmingham and six from here. Don't you think they're entitled to be paid more than 30 lawyers from Birmingham and six here? That's running up your rate bill, too, there. It makes me indignant to think about it."
The parties in this cause were represented by highly-competent, well-seasoned, experienced trial counsel. Each did his best to represent his clients. Although the Courts have long recognized that trials are legal combat, and not "a parlor social affair,"Arant v. State, 232 Ala. 275, 280, 167 So. 540, 544 (1936), this case was actually rather low-keyed and straightforward.
This Court heard the entire case, from opening statements through the verdict. The Court has reviewed the cited portions of the closing arguments along with its consideration of the entire case, the facts involved and the atmosphere of the trial.
The Court is simply unable to conclude that the remarks cited when considered along with the entire trial were "so grossly improper" and "highly prejudicial" that [their] evil influence and effect [were] ineradicable from the jury's minds by proper admonition. Anderson, supra; McLemore, supra. The Court is likewise unable to hold that the remarks when considered along with the entire trial created "plainly prejudicial error," Committee Comments, ARCP Rule 46, or "substantial prejudice,"Birmingham Electric Co. v. Perkins, 249 Ala. 426, 430,31 So.2d 640, 643 (1947).
The Court is well aware of its duty to grant a new trial when it has a definite and *Page 989 
well considered opinion that improper argument was made which was prejudicial to the extent that its harmful influence was not or could not be eradicated. McLemore, supra. If this Court felt that this were the case, the relief requested would be granted. The remarks in this case considered along with the entire proceeding do not fall within that category of remarks sufficiently prejudicial as to place them within the exception to the general rule. This is not to say that this Court would have overlooked such remarks upon timely objection. Had there been an objection, not only could the objection have been sustained and the jury appropriately admonished, but also the jury could have been polled if necessary. Whether this Court disapproves of such argument is not the question. The matter of paramount importance is to determine the rights of the parties to the suit. This the jury did after an able presentation of the evidence by trial counsel for both sides.
This Court has reviewed all of the cases cited in the extensive briefs filed by both sides, along with all uncited cases found by the Court during extensive research of the issue presented. After full and complete review and consideration the Court concludes that the Motion for New Trial filed herein is due to be, and is by proper order, denied.
This the 28th day of November, 1979.
Having studied the entire record, together with the briefs of the parties, and having considered the oral arguments of counsel, we are convinced that the trial court was not in error for denying the plaintiffs' motion for a new trial. Accordingly, the judgment must be, and is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, SHORES and EMBRY, JJ., concur.
ALMON, J., concurs in the result.
JONES, J., dissents.
BLOODWORTH, J., not sitting.