The appellees originally brought this action to settle a dispute concerning trespass to real property. They alleged that defendants Calvert and Marsh Coal Company and John David Calvert, president of the company, strip mined a portion of plaintiffs' property. The complaint contained two counts — the first for "negligent trespass" and the second for "knowing, wanton and malicious trespass."
Plaintiffs filed a motion for summary judgment "on the issue of liability." The trial court ordered that the "motion for summary judgment insofar as same goes to liability of the defendant is hereby granted on simple negligence." The order was based on admissions of the defendant in its answer and answers to interrogatories. The trial court further provided that a jury trial be had on the issue of damages.
Immediately prior to trial, the plaintiffs made it known they intended to offer evidence, not just on the issue of damages, but also on the wantonness of the trespass as set forth in count two of their complaint. Over defendant's objection, the issue of liability under count two was tried before the jury. We note that the word "wanton" when used in an action for trespass is not governed by the same rules as when used in a negligence action. Here, it means simply an invasion of the plaintiffs' premises with knowledge of the violation of plaintiffs' rights.
The jury found for the plaintiffs and assessed damages of $25,000. The defendant Calvert and Marsh Coal Company appeals the denial of its motion for new trial. We affirm.
Defendant raises three issues on appeal. The first to be addressed is the propriety of the trial court's allowing the introduction of evidence of wanton trespass. This hinges on the effect to be given the summary judgment granted the plaintiffs below.
Summary judgment is granted where it is shown that there is no genuine issue as to *Page 957 
any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56 (c), ARCP. The rule further provides a procedure for partial summary judgment where only some of the issues meet the summary judgment prerequisites. Rule 56 (d), ARCP. This was employed in the instant case. Unfortunately, the summary judgment order does not set out clearly the issues which should be resolved as a matter of law.
The order speaks in terms of the simple negligence count for trespass, and does not address the second count. This leaves the impression that the second count should go to the jury. However, the order continues to say that only the issue of damages should go to the jury. It is not until the parties argue the meaning of this order in a bench conference just before trial that the trial court clarifies its intent to allow evidence on the second count.
The defendant claims the court erred in allowing evidence of wanton trespass, reasoning that the summary judgment order clearly reserved only the issue of damages to be tried. We find it unnecessary to interpret this confusing order, for defendant is precluded from asserting surprise as a ground for reversal as it failed to take certain action at trial. In particular, when evidence is introduced which surprises a party, the party must object on the ground of surprise and take steps to have the case continued or postponed. Mutual Building Loan Ass'n.v. Watson, 226 Ala. 526, 147 So. 817 (1933); Louisville Nashville Railroad Co. v. Abernathy, 192 Ala. 629, 69 So. 57
(1915). Nowhere in the record is it indicated that defendant cited surprise as grounds for its objection. Furthermore, the record does not indicate any attempt on the part of defendant to have the case continued. Nor does the record indicate any protest on defendant's part that it was unprepared to try the case on wanton trespass, that the necessary witnesses were not present or that it would otherwise be prejudiced by trial on this count. Moreover, from a review of the evidence, the trial of the issues and the verdict rendered, we find no prejudice to defendant in the admission of evidence of wanton trespass.
Defendant further argues that a finding of simple trespass through summary judgment terminates the possibility of finding wanton trespass, i.e., they are mutually exclusive. Two cases are cited in support of this proposition: Tombrello v. McGhee,282 Ala. 408, 211 So.2d 900 (1968) and Thompson v. White,274 Ala. 413, 149 So.2d 797 (1963). These two automobile collision cases are inapplicable here. They both held that wantonness and negligence cannot exist in the same act or omission. And, as we noted above, wantonness in a negligence action differs from that in a trespass action.
This case involves numerous, separate acts of trespass on plaintiffs' land. While the initial entries may have been negligent, subsequent entries could well have been wanton. The testimony bears this out. When plaintiffs first learned of the trespass, it could well have been a negligent action. After plaintiffs had notified defendant the next day that it was trespassing, subsequent entries on the following days could be construed as wanton. Wantonness in a trespass action is established by the mere knowledge on the part of the defendant of his invasion of the plaintiff's rights. Ex parte BirminghamRealty Co., 183 Ala. 444, 63 So. 67 (1913).
A second issue raised on appeal is whether the trial court erred in refusing to allow the defendant the right to cross-examine a witness. A close examination of the actions of the parties below will clarify the problem.
Plaintiffs called as their second witness Virgil Willett. After a series of preliminary questions, plaintiffs attempted to use the witness to introduce a photograph of the disputed property. Objections from defendant halted this line of inquiry. Plaintiffs then sought to elicit testimony as to the price of reclaiming the land after the strip mining. Once again, objections from the defendant were sustained and the intended testimony thwarted. At this point, *Page 958 
plaintiffs requested permission to recall the witness Virgil Willett. This was granted by the trial court with no remarks, objections, or requests from the defendant indicated on the record. Plaintiffs did not recall this witness during their case, and at the close of plaintiffs' evidence defendant made no objections in regard to its right to cross-examination. It was not until defendant had placed all of its eight witnesses on the stand that it requested to cross-examine Virgil Willett. The trial court refused cross-examination, and required defendant to take Virgil Willett as its own witness over defendant's objections. Plaintiffs were then allowed to cross-examine this witness.
The right to cross-examination in a civil proceeding is guaranteed by Rule 43 (b) of the Alabama Rules of Civil Procedure. However, even defendant itself recognizes an exception when a party has had an opportunity for cross-examination, but failed to exercise the right. The failure of defendant to timely object or request cross-examination of Virgil Willett amounted to an implied waiver of the right. The defendant made no objection or request for cross-examination at the time Virgil Willett was excused from the stand. Nor did it make any objection or request for cross-examination of the witness at the close of the plaintiffs' case, when it was evident that the plaintiffs were not going to recall the witness. It was not until the close of defendant's case that it decided to assert the right.
Under these circumstances, the trial court did not abuse its discretion in disallowing defendant's recall of Virgil Willett for cross-examination so late in the trial. Such a recall of a witness is within the sound discretion of the trial court. Cf.,Baxter v. State, 360 So.2d 64 (Ala.Cr.App. 1978) (trial court did not abuse its discretion in disallowing defendant's further cross-examination of prosecutrix at the end of trial after defendant had reserved the right to recall the witness).
In any event, assuming there was error, it was harmless and thus not reversible error. Rule 45 ARAP, Rule 61 ARCP. There was no actual prejudice to the defendant in refusing his belated cross-examination of Virgil Willett since the witness was not able to testify to any matters of significance against the defendant in the first place.
A third issue is whether the trial court erred in its handling of allegedly prejudicial remarks made by plaintiffs' counsel on closing arguments. We find no error here.
On closing arguments plaintiffs' counsel referred to John Calvert, president of Calvert and Marsh Coal Company, as a "great coal baron." Defendant objected and the trial court instructed plaintiffs' counsel to restrict his argument to the evidence. No other requests or objections were made by defendant at this point. Defendant's objection is set out below:
 "MR. NASH: If it please the Court, I'm going to object to this type of argument. This is not arguing the evidence. It's being done only for the prejudicial inference.
 "THE COURT: Mr. Gorham, stick to the arguments with the evidence and the reasonable interpretation thereof.
 "MR. GORHAM: Yes, sir, Your Honor. I apologize, Your Honor."
As a general rule, where a party's objection to improper argument is sustained, it is necessary for the party to request a corrective instruction from the trial court as a predicate for an appeal based on the prejudicial statement. EmployersInsurance Co. of Alabama v. Cross, 284 Ala. 505, 226 So.2d 161
(1969); Alabama Great Southern Railway Co. v. McFarlin,174 Ala. 637, 56 So. 989 (1911). Since the defendant did not move the court to exclude the argument, no error was committed by the trial court in failing to do so.
An exception to the requirement of requesting a corrective instruction has been recognized where the argument is so grossly improper and highly prejudicial that it *Page 959 
could not have been cured by the trial court. Lawrence v.Alabama Power Co., 385 So.2d 986 (Ala. 1980); McLemore v.International Union, 264 Ala. 538, 88 So.2d 170 (1956). Defendant claims that the remark in this case was incurable, thus obviating any attempt at a corrective instruction from the trial court. We do not agree.
Defendant claims that this is a classic appeal to a jury to consider the wealth of a defendant in setting the verdict. We disagree. There is only one isolated reference to Mr. Calvert as a "great coal baron," and the thrust of this argument points to the wantonness of the trespass. The relevant portion of the closing argument is set out below:
 "MR. GORHAM: I'm losing my cool, Ladies and Gentlemen, because it's a willful act. It's not even a negligent act. I can't even classify it as negligence. It's a willful act for these reasons because Mr. Calvert knew, Mr. Brown knew before they ever put that equipment on there. Mr. Brown denied ever being out there on the 19th. He knew on the 19th when he got there that they had no right to be there. Reckon what happened? Reckon Mr. Calvert, the great coal baron, told him, `You go get it, boy'?" [Emphasis added.]
Both parties have cited numerous cases in support of their view of the prejudicial effect of the remark. However, as noted by defendant, each case would have to be decided on its own merits and much would depend upon the issues, parties and the general atmosphere of a particular case. Lawrence v. AlabamaPower Co., 385 So.2d 986 (Ala. 1980). Viewed in the context argued, this one isolated remark does not fall within that category of remarks sufficiently prejudicial to place it within the exception to the general rule.
We have recognized that, since the trial court is present at the time when the argument is made, the trial court has great latitude in ruling on the propriety of counsel's arguments.Prescott v. Martin, 331 So.2d 240 (Ala. 1976). In particular, in passing on the question of ineradicable bias much should be left to the enlightened judgment of the trial court, with the usual presumptions in favor of the ruling made to that end.Alabama Power Co. v. Bowers, 252 Ala. 49, 39 So.2d 402 (1949);Pacific Mutual Life Insurance Co. v. Green, 232 Ala. 50,166 So. 696 (1936). Thus, we find no error in the trial court's failing to issue a corrective instruction ex mero motu.
Having examined the record and having found the issues raised on appeal without merit, the judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, ALMON and EMBRY, JJ., concur.