Kenneth B. Glaze ("the deceased") suffered a massive head injury in a motorcycle accident and subsequently died as a result of the injury. The deceased was wearing a model K-14 motorcycle helmet at the time of the accident. The plaintiff, Phyllis Salser, brought this action on behalf of her deceased son against K.I.W.I., S.A., and Dyna Tour Corporation pursuant to the Alabama Extended Manufacturer's Liability *Page 456 
Doctrine, contending that the defendants either manufactured, supplied, sold, or marketed a motorcycle helmet that was defective and that was not fit for its particular purpose.
The jury returned a verdict for the defendants, and the trial court entered a judgment on that verdict. The trial court denied the plaintiff's motion for a new trial, and she appeals to this Court.
 I.
The plaintiff contends that the trial court abused its discretion in denying her pretrial motion for a default judgment against the defendants. She contends that the defendants' disassembly of the helmet involved in the accident seriously hampered her case and that a severe sanction, i.e., default judgment pursuant to Rule 37, A.R.Civ.P., was in order.
The record reveals that approximately one year after the accident, the plaintiff contacted Dr. Joseph Ryan, a helmet expert, concerning the inspection of the motorcycle helmet worn by the deceased at the time of the accident. After Dr. Ryan received the helmet intact at his laboratory, he photographed it and conducted an examination of the helmet. He then conducted research in the field of "helmet release" and submitted a report concerning his opinions and conclusions, that, in part, reads: "Pursuant to your request of September 30, 1987, we have completed our investigation of the above captioned case." The helmet was returned to the plaintiff nine months after Dr. Ryan had received it.
In June 1990, over two years after the plaintiff's expert had examined the helmet, the defendants' motion to compel production of the helmet was granted in order that they might perform nondestructive testing on it. The defendants' expert removed the neck roll and the inner lining from the helmet. Further disassembly was conducted in California at the California Head Protection Research Laboratory. Ultimately, the helmet was returned to the plaintiff's expert in the disassembled condition, whereupon the plaintiff moved for sanctions, i.e., a default judgment.
The trial court has broad and considerable discretion in controlling the discovery process and has the power to manage its affairs in order to ensure the orderly and expeditious disposition of cases. Iverson v. Xpert Tune, Inc., 553 So.2d 82
(Ala. 1989). It is within the trial court's discretion to choose appropriate discovery sanctions, and its decision will not be disturbed on appeal absent an abuse of that discretion.Iverson, supra. Even if such an abuse of discretion is found, there must also be a showing that it resulted in substantial harm to the appellant. Iverson, supra.
We further point out that the sanction of dismissal, as granted in Iverson, supra, is the most severe sanction that a court may apply. A default judgment for a plaintiff is likewise severe. In either case judicial discretion must be carefully exercised.
As set out in Iverson, 553 So.2d at 89, "[t]he trial court is the more suitable arbiter for determining with accuracy the culpability of the failure to produce or of the spoliation, and, for that reason, we will show great deference toward a trial court's decision with respect to such culpability." In view of the facts here, we cannot say that the trial court abused its discretion in not entering a default judgment for the plaintiff. We agree with the trial court and hold that the defendants' action in disassembling the helmet over two years after the plaintiff's expert had examined it does not mandate a default judgment for the plaintiff.
 II.
The plaintiff contends that the trial court erred in denying her motion for a new trial because, she says, certain remarks made by defense counsel in the opening and closing arguments were improper. She contends, however, that defense counsel's remarks were so highly prejudicial and improper that they did not require an objection. *Page 457 
At the outset, we note that counsel may comment on all proper inferences to be drawn from the evidence and may draw conclusions by way of argument based on the evidence.Seaboard Coast Line R.R. v. Moore, 479 So.2d 1131 (Ala. 1985). This Court's standard of review on claims of improper argument requires substantial prejudice before we will reverse. SeaboardCoast Line, supra. Furthermore, there is a presumption of correctness in favor of the trial court's rulings. SeaboardCoast Line, supra.
Here, we note that the plaintiff did object to the following statement made by defense counsel in closing arguments: "Ms. Salser [the plaintiff] testified that she had been told that the boy, her son, had gone to the girlfriend's house, had left and gone to Eckerd's [drug store] and was on his way back to the girlfriend's house." The trial court sustained the objection and issued the following curative instruction: "And, ladies and gentlemen, you are to disregard this because I'm not sure that there was any evidence of this." There was no objection to this curative instruction or any request for a mistrial. Nevertheless, the plaintiff raises the impropriety of this remark on appeal and, as noted above, contends that no objection to this instruction was required because, she says, the remark was highly prejudicial and improper.
It is well settled that " '[a] party cannot sit silently as error is committed, speculating upon the verdict being in his favor, and then put the trial judge in error.' " Lawrence v.Alabama Power Co., 385 So.2d 986, 987 (Ala. 1980) (quoting Rule 46, A.R.Civ.P., Committee Comments). However, there is an exception to this general rule if the remark or argument of counsel is so grossly improper and highly prejudicial to the opposing party that neither a retraction nor rebuke by the trial court would have "destroyed its sinister influence."Lawrence, 385 So.2d at 987.
We have reviewed the record here and cannot say that defense counsel's remark comes within the above exception. In fact, it appears that the following evidence was admitted at trial without any objection: (1) The deceased had been at his girlfriend's house on the night of the accident; (2) the police told the plaintiff that they assumed that the deceased had left his girlfriend's house to go to Eckerd's Drug Store prior to the accident; and (3) the deceased was returning to his girlfriend's house when the collision occurred.
As noted above, defense counsel may comment on all proper inferences from the evidence and may draw conclusions based on that evidence. Seaboard Coast Line, supra. Furthermore, counsel is given great latitude in making arguments, and the trial court is afforded considerable discretion in its rulings on such matters. Ott v. Fox, 362 So.2d 836 (Ala. 1978). Suffice it to say that we have reviewed the record and cannot find that counsel's remarks had such a prejudicial impact as to serve as a basis for reversal.
The plaintiff also contends that defense counsel made other inappropriate comments concerning whom the plaintiff did or did not call as a witness. However, plaintiff failed to object to any of these statements. Improper arguments by an attorney are not sufficient grounds for a new trial without a timely objection and a ruling by the trial court or a refusal by the trial court to make a ruling, Isbell v. Smith, 558 So.2d 877
(Ala. 1989), unless they come within the exception discussed above.
 III.
The plaintiff argues that the trial court erred in not allowing her to call Officer Vic Zannis as an adverse or hostile witness. However, after a review of the record, we cannot find that the plaintiff specifically objected to this at trial. We do note that there was some discussion between the plaintiff and the trial court concerning what line of questions that the plaintiff could ask Zannis if he was called to testify. In fact, the trial judge specifically informed the plaintiff that she could call Zannis as a witness, but that he could not be considered an adverse or hostile witness until the judge heard his testimony and determined that he was an adverse *Page 458 
witness. There was no objection to this action of the trial court, nor did the plaintiff call Zannis as a witness.
This Court has held that where the trial record does not reflect a timely objection at trial on an issue, the reviewing court is unable to reach the issue. Stephens v. Central ofGeorgia R.R., 367 So.2d 192 (Ala. 1978). Even, however, if we were to reach this issue, we would find no error. Clearly, the determination of whether a party is an unwilling or hostile witness is within the sound discretion of the trial judge.Anderton v. State, 390 So.2d 1083 (Ala.Crim.App. 1980).
 IV.
The plaintiff contends that the trial court abused its discretion by not excluding the testimony of Dr. Robert P. Bauman, the defendants' expert accident reconstructionist. She contends that Dr. Bauman made assumptions that were not based upon the evidence or that were not supported by any competent evidence. However, we find that any such objection was waived by the plaintiff. The trial court determined that these objections came too late and therefore were waived.
 V.
The plaintiff's final argument is that the jury verdict was against the great weight and preponderance of the evidence. However, this Court has held on numerous occasions that the trial court's denial of a motion for a new trial based on this ground will not be disturbed on appeal when there is evidence presented, which, if believed, would support the verdict.Stokes v. Long-Lewis Ford, Inc., 549 So.2d 51 (Ala. 1989).
Here, there was ample evidence to support the jury verdict. In fact, the jury could have concluded that, based on the testimony of a neurosurgeon, Dr. Richard Morawetz, the deceased's accident would not have been a survivable impact with or without the helmet. Therefore, the jury could have concluded that the requisite proximate causation between the alleged negligence and the deceased's death was not established.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.