WILL ARNOLD v. THE STATE.

No. 7970.    Decided December 19, 1923.

1.—Transporting Intoxicating Liquor—Evidence—Reputation.

Where, upon trial of illegally transporting intoxicating liquor, the defendant testified to facts which, if true, would have exculpated him, and the sheriff, testifying as a witness for the State, said with reference to the defendant that he had the reputation of being the worst bootlegger in Washington County, all of which was not in response to the question propounded to him, and over the objection of defendant, the same destroyed the fairness of the trial, and is reversible error.

2.—Same—Argument of Counsel—Race Discrimination.

The argument of the prosecuting attorney that the jury should reject the testimony of the defendant and his witnesses on account of the fact that they were negroes and the State's witnesses were white men was highly improper.

Appeal from the District Court of Washington. Tried below before the Honorable R. J. Alexander.

Appeal from a conviction of transporting intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

W. W. *Searcy* and B. F. *Teague,* for appellant. On question of general reputation, etc., Gothard v. State, 252 S. W. Rep., 508; Burns v. State, 252 id., 508.

On question of withdrawing illegal evidence, McIntosh v. State, 213 S. W. Rep., 659.

On question or argument of counsel, McHenry v. State, 173 S. W. Rep., 1022; Sterling v. State, 15 Texas Crim. App., 257; Anderson v. State, 214 S. W. Rep., 356; Brailsford v. State, 158 id., 542; Woolly v. State, 247, id., 865; Clancy v. State, 247 id., 867; Brown v. State, 242 id., 219; Russell v. State, 242 id., 218; Thurman v. State, 211 id., 786; Black v. State, 187 id., 332.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The offense is transporting intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

The evidence is voluminous and conflicting. Appellant testified to facts which, if true, would have exculpated him. The sheriff testifying at a witness upon behalf of the State, said with reference to the appellant: "He had the reputation of being the worst bootlegger in Washington County." The court then stated to the witness that this was not the proper way to answer the question, whereupon the witness replied: "Yes, I know his reputation; it is bad." It seems that counsel for the State asked the witness a proper question; that is, whether he knew the general reputation of the appellant, as a law-abiding citizen, to which inquiry he gave the answer above.

The State's counsel in this court concedes that the statement by the sheriff was not only improper but was so prejudicial as to destroy the fairness of the trial.

Complaint is made of the argument of the prosecuting attorney upon the ground that it urged the rejection of the testimony of the appellant and his witnesses on account of the fact that they were negroes and the State's witnesses were white men. The truth may come from members of either race, and color alone should not be urged to measure the quality of the testimony. Branch's Ann. Tex. P. C., Sec. 369. The bill does not make clear that the language used by the prosecuting officer was necessarily subject to the interpretation given by the appellant. However, the other ground mentioned requires a reversal of the judgment, and it so ordered.

*Reversed and remanded.*