## CLARENCE L. WADE V. THE STATE.

No. 23917. Delivered February 4, 1948.

No attorney of record on appeal for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted on a charge of driving on a public highway while intoxicated, and assessed a fine of one hundred dollars.

The evidence of the State is amply sufficient to sustain the jury's verdict. However, appellant took the witness stand and denied that he was intoxicated and brought several witnesses, including his wife and some boys with whom he had worked and associated, who gave positive testimony in his favor on the subject. The only issue before the jury was whether or not he was intoxicated.

In his concluding argument the county attorney said, as shown by the only bill of exception in the case: "It is well known that every time any colored boy who is charged with any offense in this court, that all of his other colored friends will come into court and swear just anything necessary to get him out of it." The bill further shows that objection was immediately made to this argument on the ground that it was prejudicial, was an appeal to race prejudice, was the unsworn testimony of the county attorney, not in answer to any argument of the defense and not supported by any evidence in the case. The court approved the bill with this statement.

In his brief the State's Attorney says, "In our opinion, the argument complained of was improper, in that the prosecuting attorney was asserting a fact not in the record, and which was prejudicial to the accused." He submits, however, that while the argument should be condemned, and the trial judge should have instructed the jury to disregard it, nevertheless, that in as much as the fine was only one hundred dollars, no great prejudice was shown.

We agree with the statement as to the nature of the argument, and the duty of the trial judge, but we are unable to say that no harm resulted to appellant by reason thereof. Even though the State's witnesses were police officers, men of responsibility, whose testimony was straightforward and clearcut, it is not for this court to say that with a fair presentation the jury would have followed their testimony, contradicted as it was by the several witnesses. Only the jury has a right to determine that.

For the error in the argument, the judgment of the trial court is reversed and the cause is remanded.