LOUIS ALLISON V. STATE.

No. 25,703. March 5, 1952.
State's Motion for Rehearing Denied April 23, 1952.

Hon. A. C. Winborn, Judge Presiding.

*M. Gabriel Nahas, Jr.,* and *Spurgeon E. Bell,* Houston, for appellant.

*Sam W. Davis,* Criminal District Attorney, *King C. Haynie,* Assistant Criminal District Attorney, and *George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is rape; the punishment, death.

In view of our disposition of this appeal, a statement of facts will not be necessary other than to observe that the appellant was a member of the colored race and the injured party was a white woman.

Bill of Exception No. 16 relates to a portion of the argument of the district attorney, to-wit:

"I am not criticizing the defendant for bringing a witness of the same race. I just want to let you know for the purpose of the record they try to help their own race."

The objection was that such argument was not supported by the record, constituted unsworn testimony of the district attorney, and was an appeal to racial prejudice.

The court refused appellant's request that the jury be instructed not to consider the above argument.

The bill further reflects that, during the course of the examination of the witnesses for the appellant, who had testified to an alibi, the district attorney asked three of them if it were not true that they were members of the same race as appellant and, in addition, asked appellant's mother, who had testified that appellant had never before been in trouble, this question:

"You mean he has never been caught for raping a white woman before?"

It is further shown that the prosecutor later asked this witness:

"The next time you saw him he was in jail charged with raping a white woman?"

We think the argument was subject to the objection that it was unsworn testimony of the district attorney and was an appeal to racial prejudice. Wade v. State, 151 Tex. Cr. R. 447, 208 S. W. (2d) 101. *The implication was clear that state's counsel sought to condemn as a class all testimony coming from members of the colored race.* There was no testimony in the record to support such a condemnation.

Judge Morrow in Arnold v. State, 96 Tex. Cr. R. 214, 256 S. W 919, made a profound observation when he said:

"The truth may come from members of either race, and color alone should not be urged to measure the quality of the testimony."

In Skuy v. United States, 261 Fed. 316, the district attorney "stated in substance that he did not care how many Jews the defendant brought there to testify, or what they swore to, that he believed * * *." The Circuit Court of Appeals, in reversing the case, even though no proper objection was made, said that to accept the logical deduction from the attorney's argument "would in effect disqualify members of the Jewish race from testifying against testimony of members of another race, because it would render their testimony futile."

In Tannerhill v. State, 48 So. 662, where the appellant called several Negro witnesses to prove an alibi, as in the case at bar, the district attorney argued that a Negro accused of crime can always prove an alibi by perjured testimony of other Negroes, just as was done in the Wade case, supra. In reversing the conviction, the court said:

"It is the duty of the court to see that the defendant is tried according to the law and the evidence, free from any appeal to prejudice or other improper motive, and this duty is emphasized when a colored man is placed upon trial before a jury of white men."

In Fontanello v. United States, 19 Fed (2d) 921, the attorney for the Government, in his argument to the jury, said:

"These men are Italians. * * * It is a matter of everyday knowledge that the majority of people in King County running stills are of the same nationality * * *."

In reversing the conviction, the Circuit Court of Appeals said:

"His remarks were plainly unwarranted and were objectionable on two grounds. They tended to create prejudice, and they conveyed the imputation that the accused belonged to a class of persons peculiarly addicted to the illicit distillation of liquors."

For the errors shown, the judgment is reversed and the cause remanded.

ON STATE'S MOTION FOR REHEARING.

DAVIDSON, Judge.

The state insists that because of the overwhelming evidence of appellant's guilt of the crime of rape by force the argument of state's counsel should not be held to be reversible error.

Generally speaking, argument which does not violate a mandatory statute is not reversible error unless calculated to prejudice the rights of the accused. We have given that rule controlling effect in death penalty cases wherein state's argument was improper. Todd v. State, 93 Tex. Cr. R. 553, 248 S. W. 695; Silver v. State, 110 Tex. Cr. R. 512, 8 S. W. 2d 144.

Here, the evidence of the state was conclusive, but appellant denied his guilt and testified to an alibi in which he was corroborated by the testimony of witnesses and members of his race. In addition, a witness—a member of the colored race—testified to facts tending to show that the prosecutrix had identified another than appellant as her assailant.

The argument of state's counsel was sufficient to be construed as applying not only to the witness mentioned but to other witnesses testifying in behalf of the appellant.

Under the circumstances here presented, we are unable to conclude that appellant was not prejudiced by the argument made. We remain convinced of the correctness of our original conclusion.

Accordingly, the state's motion for rehearing is overruled.

Opinion approved by the court.