**Donald SKELTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–81–006–CR.**

Court of Appeals of Texas, Texarkana.

Dec. 8, 1981.

---

2. *See* Tex.Code Cr.Pro.Ann. art. 37.09 (Vernon 1981), for the elements of a lesser included offense.

Eric S. Clifford, John L. Davis, Clifford & Davis, Paris, for appellant.

Tom D. Wells, III, County and Dist. Atty., Paris, for appellee.

BLEIL, Justice.

Donald Skelton appeals his conviction for injury of a child. Based on the jury's verdict punishment is 10 years confinement and $5,000 fine. Appellant Skelton contends that the trial court erred in failing to give an instruction to the jury on accomplice testimony as a question of fact and in failing to give an instruction on the lesser included offense of assault. He also asserts there is insufficient evidence of venue to support the conviction. We find no error on the part of the trial court and sufficient evidence to support the conviction. We affirm.

By its verdict the jury found the defendant Donald Skelton guilty of causing bodily injury to Clay Ernst, a child younger than 14 years by striking him with his fist. Clay

Ernst, who was approximately 2½ years old at the time of the offense, had been injured for several weeks prior to the date of this offense.

Deborah Carol, the child's mother, was living in Olney, Illinois, with Donald Skelton and her one year old daughter, Shalonda. During July, 1978, the couple returned to Texas to get Clay Ernst, who was living with his paternal grandmother. They returned to Olney with both children for a week. Then they went to Missouri to visit Skelton's brother, stayed one night before going to Paris, Illinois, to visit Skelton's uncle and aunt. In Paris they camped outdoors for 3 to 4 days. During that time Donald Skelton began to mistreat and injure the boy.

Deborah Carol provided much of the State's evidence. She testified that at Paris, Illinois, Skelton beat Clay with a wide black police belt, his hands, a fishing rod, and a board. He also choked the boy. Skelton stated he was upset that Clay Ernst sought his mother's permission for things like going to the bathroom, getting a drink of water, and having something to eat. Skelton instructed the child not to ask his mother but to ask his permission; each time Clay did not ask Skelton he spanked or beat the child. Deborah persuaded Skelton to take Clay to her mother's in an attempt to stop the beatings. They left Paris, Illinois, headed for Paris, Texas.

During this journey other beatings occurred. Skelton hit Clay with his fist, his open hand, a belt, and a pair of numb chucks, two pieces of wood held together by a chain. At one point during this trip Skelton asked Deborah Carol if he could just kill the boy and get it over with. Skelton denied the child food and drink during much of the trip.

The journey led them through Louisiana to Marshall and Deport, Texas. They left Deport about 5:00 p. m. of August 22. During the time they were between Deport and Paris, Texas, Clay Ernst got so thirsty he took his baby sister's bottle away from her. Because of this Skelton hit the child on the head with the numb chucks, the baby bottle, and his fist.

Deborah Carol was unable to stop the mistreatment. She was afraid that if she tried to call the police Skelton would hurt her or Clay, and on the several occasions she tried to stop Skelton from beating Clay, she got hit. In addition to the numb chucks, Skelton carried a knife. Once when she tried to run from Skelton he hit her and another time he kicked her in the ribs.

When they arrived at Deborah Carol's parents' house, her mother, Ina Bryant, was there. The appellant made Deborah and the children stay in the car while he went to talk. Mrs. Bryant asked where Deborah and the children were and proceeded to the car. Clay Ernst had a black eye and his mouth was full of blood. He was lying face down on the back floorboard. Mrs. Bryant determined to bathe the dirty children.

Donald Skelton stayed right with Mrs. Bryant. He took out his pocket knife, opened the blade, and put it in his back pocket, still open. Mrs. Bryant did not call the police during this time because she was afraid. Skelton expressed fear that the police might be called and mentioned that he would get rid of the boy if the Bryants did not want to keep him. He also admitted to Mrs. Bryant he had whipped Clay because he kept trying to take the baby's bottle and lying about it. He conceded that he could not handle the boy. Tommy Bryant telephoned and talked to his wife. She was able to relay to him, outside Donald Skelton's hearing, that Clay Ernst had nearly been beaten to death and urged him to come home quickly. He came home, loaded a .38 caliber pistol and took charge of the situation. Mrs. Bryant then called the police.

Dr. Paul Anthony and several other persons, including Linda Reynolds, a Protective Service Worker with the Texas Department of Human Resources, testified concerning the child's condition. Dr. Anthony stated that there were fresh cuts and bleeding in the mouth together with older injuries and bruises but that the recent injuries had occurred within a period of two hours at the most. Clay had multiple bruises, scrapes, scars, scabs, and cigarette burns generally over his body.

Donald Skelton urges that the trial court erred twice in the instructions it gave to the jury. He says that an instruction should have been given on accomplice as a matter of fact and on the lesser included offense of assault. We turn to these assigned errors.

The law regarding accomplice testimony is not disputed. One who participates with another in an offense before, during, or after the commission of the crime is an accomplice. *Russell v. State*, 598 S.W.2d 238 (Tex.Cr.App.1980). When a witness is an accomplice as a matter of law, or when the evidence makes this a fact question, the trial court should give a proper instruction to the jury. *Arney v. State*, 580 S.W.2d 836 (Tex.Cr.App.1979). If there is no direct evidence connecting the defendant with the offense other than that of an accomplice, the failure to give a proper instruction is reversible error.

As Skelton concedes, unless the witness can be prosecuted for the offense alleged against the accused, he is not an accomplice. And, neither mere presence at the scene of an offense, nor knowledge of a crime coupled with a failure to disclose, compels the conclusion that a witness is an accomplice. *Russell v. State*, supra; *Villarreal v. State*, 576 S.W.2d 51 (Tex.Cr.App. 1979).

Skelton's point is not well taken. First, he shows us no evidence that Deborah Carol at any time encouraged, aided, or in any manner participated in the injuries to her child. Our examination of the record reveals none. A charge on accomplice testimony is not required under these circumstances. *Jackson v. State*, 552 S.W.2d 798 (Tex.Cr.App.1976). Second, other direct evidence connected Skelton with the offense charged. He admitted to Mrs. Bryant that he had whipped the child and gave his reason, the same one he had given Deborah Carol. Also, Dr. Anthony placed the time of the mouth wounds at a time when Appellant was in the car with the child in Lamar County.

Next, we consider the contention that the trial court should have charged on the lesser included offense of assault.

Again, appellant says that the evidence raises the issue of simple assault without directing our attention to any particular evidence. We find none. This is an assault on a child under Tex.Penal Code Ann. § 22.04. It is distinguished from assault under Section 22.01(a) in that the age of the victim is the aggravating factor. The assault is aggravated if committed on a child less than 14 years old.

The evidence is that Clay Ernst was born February 2, 1978, and was about 2½ years old at the time of the offense. There is no conflicting testimony on age, the aggravating factor, and no charge on a lesser included offense is required. *McKinney v. State*, 615 S.W.2d 223 (Tex.Cr.App.1981).

Donald Skelton also urges that the State did not prove that venue for this offense was proper in Lamar County. On this matter the burden is to prove by a preponderance of the evidence that the offense was committed in the county alleged. *Hignite v. State*, 522 S.W.2d 210 (Tex.Cr. App.1975). Deborah Carol said her child was hit on the head and hit in the mouth by Donald Skelton, in Lamar County. Dr. Anthony and others corroborated these venue facts. Our review of all evidence reveals that venue was sufficiently proved.

We affirm the judgment.