William Frank LOVELACE, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–00804–CR.

Court of Appeals of Texas, Dallas.

Oct. 27, 1983.

Rehearing Denied Nov. 23, 1983.

Kerry P. Fitzgerald, Dallas, for appellant.

Henry Wade, Dist. Atty., Karen Beverly Chilton, Asst. Dist. Atty., for appellee.

Before STEPHENS, SPARLING and VANCE, JJ.

VANCE, Justice.

William Frank Lovelace appeals from a conviction for driving while intoxicated. Punishment was assessed at one hundred and eighty days in the county jail and a fifty dollar fine. Appellant, in thirteen grounds of error, claims inflammatory and

prejudicial jury argument by the State; error in admitting appellant's oral statement allegedly the result of custodial interrogation; error in a witness's comment on appellant's right to testify; error in admitting inflammatory and prejudicial photographs of one of the victims of the car crash and insufficiency of the evidence. For the reasons stated below we reverse and remand.

On October 5, 1977, appellant's car struck the rear of a Ford Mustang occupied by two teenage boys, Chris Stilley and Paul Ingram. The Mustang caught on fire [1] and as a result of this fire both young men sustained second and third degree burns on their hands, legs and faces. Appellant was arrested and charged with driving while intoxicated.

James Lewis, the first accident investigator on the scene, testified that when he got there the fire was already extinguished and he observed Stilley and Ingram in the back of an ambulance "burnt real bad." Stilley and Ingram testified to the extent of their injuries and the State, over objection from appellant's counsel, introduced seven pictures of Chris Stilley depicting his injuries. Neither Stilley nor Ingram could offer any testimony as to whether the appellant was intoxicated at the time of the accident.

During jury argument in the guilt and innocence phase of the trial, the prosecutor made numerous references to the extensive burns suffered by the two young men. The complained of portion of the State's argument reads:

> MR. HINES: I submit to you that if you could just picture what it's like to see that flaming Mustang over there against the guardrail and see those two burning boys with the flesh hanging off their arms that the back of that—
>
> MR. GLASPY: I'm going to object to that. Inflammatory.
>
> THE COURT: Overruled.
>
> MR. GLASPY: And prejudicial and outside the evidence there is not one single

person who's testified they even saw the Mustang burning.

> THE COURT: Overruled.
>
> MR. GLASPY: We're going to except that.
>
> MR. HINES: Don't you know that when you looked in the back end of that ambulance and you see the flesh hanging off their hands—
>
> MR. GLASPY: Objection. There's nothing Officer Lewis said that he saw the flesh hanging off their hands.
>
> THE COURT: Overruled.
>
> MR. HINES: You heard Lewis. He looked in there and he said they were burned bad. I submit to you he remember (sic) what caused this accident, he remembers what happened as a result of this accident and don't you don't (sic) you would too. Don't you know Christopher Stilley and Paul Ingram, they're going to remember this day for the rest of their lives.

In appellant's first ground of error he claims that the prosecutor's argument was reversible error in that it injected matters into the case which were not in evidence and were highly inflammatory and prejudicial to appellant. We agree.

■ To stay within proper parameters, a jury argument must be: 1) a summation of the evidence; 2) in response to opposing counsel's statements; 3) a reasonable deduction from the evidence; or 4) a plea for law enforcement. *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex.Cr.App.1973).

■ The State contends that the prosecutor's reference to "flesh hanging off their hands" was a reasonable deduction of the evidence presented by Officer Lewis, Chris Stilley and Paul Ingram. The Courts have consistently held that counsel has wide latitude in drawing "from those facts in evidence all references that are reasonable, fair, and legitimate ... so long as the argument is supported by the evidence and offered in good faith." *Vaughn v. State*,

1. In the punishment phase of the trial, the court was informed that Ford Motor Company had paid Stilley and Ingram $300,000 to $400,- 000 as settlement for their defective product claim.

607 S.W.2d 914, 922–923 (Tex.Cr.App.1980). The State argues that, as the evidence showed that Stilley and Ingram suffered third degree burns to their hands, it could be reasonably deduced that the flesh was hanging off their hands. They further argue that it could be reasonably deduced that this is what Lewis saw when he looked in the back of the ambulance. However, what the State is attempting to do is base a reasonable deduction on a reasonable deduction. This is not the law. To be proper, a reasonable deduction must be based on the *evidence. Carter v. State,* 614 S.W.2d 821, 823 (Tex.Cr.App.1981); *Vaughn* 607 S.W.2d at 922–923; *Maloy v. State,* 582 S.W.2d 125, 129 (Tex.Cr.App.1979). There is no evidence in this record that Lewis or anyone else observed flesh hanging off either Stilley's or Ingram's hands. The State does not address the prosecutor's initial remark of "flesh hanging off their *arms.*" It is sufficient to say that there is no evidence that either Stilley or Ingram suffered any burns to their arms.

As we have concluded that the State's argument went beyond the parameters of proper jury argument, the next step in our analysis is to determine if this constituted reversible error.

■ In order for an improper jury argument to constitute reversible error it must be: 1) manifestly improper, harmful and prejudicial; 2) violative of a statute; or 3) inject new and harmful facts into the case. *Williams v. State,* 607 S.W.2d 577, 581 (Tex.Cr.App.1980); *DeBolt v. State,* 604 S.W.2d 164, 169 (Tex.Cr.App.1980); *Spaulding v. State,* 505 S.W.2d 919, 922 (Tex.Cr.App.1974). It is necessary to look to the facts of each case to determine the probable effect of the improper argument on the jury. *Thomas v. State,* 621 S.W.2d 158, 164 (Tex.Cr.App.1981) (On Rehearing); *Williams,* 607 S.W.2d at 581. The Courts have often held that the harm resulting from an improper jury argument can usually be cured by the court's action in sustaining the objection and instructing the jury to disregard. *Carter v. State,* 614 S.W.2d 821, 823 (Tex.Cr.App.1981); *Spaulding,* 505 S.W.2d

at 923; *Aubrey v. State,* 624 S.W.2d 291, 293 (Tex.App.—Dallas 1981, no pet.).

■ In the case before us, the only issue before this jury was whether the appellant was driving while he was intoxicated. The State presented the testimony of three police officers involved in the arrest. They testified that appellant's breath had an alcohol odor, that his eyes were bloodshot, that his speech was slurred, that he seemed disoriented and that his walk was unsteady. Based on all these factors, their opinion was that appellant was intoxicated at the time of the accident. The appellant presented the testimony of several witnesses to show that he had not been drinking at least two hours before the accident, that he was barefoot when he encountered the police as he had lost his shoes in the accident, that he had also lost his thick-lensed glasses without which his vision was impaired, and that he had received a large contusion to his head which may have resulted in his disorientation and unsteadiness. Proof of appellant's guilt was not so overwhelming that the State's improper argument could be classified as harmless error. *Wade v. State,* 208 S.W.2d 101, 102 (Tex.Cr.App.1948). Additionally, appellant's counsel's repeated objections to the prosecutor's argument were overruled by the court. Therefore, any harm done by the improper argument was not cured by the court.

We hold that the prosecutor's references in his jury argument to "flesh hanging off their arms" and "flesh hanging off their hands" injected matters which were not in evidence and were highly inflammatory and prejudicial to the appellant and constituted reversible error.

■ Appellant also challenges the sufficiency of the evidence. Under *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), we must consider this contention before disposing of the case. It appears from the record that the evidence is sufficient to sustain the conviction.

The judgment is reversed and the cause is remanded.

SPARLING, Justice, dissenting.

I would hold that the prosecutor's statement "you see the flesh hanging off their hands"[1] is not error, or in the alternative, is at least harmless beyond a reasonable doubt. I therefore respectfully dissent.

The argument was made during the guilt/innocence phase of the trial. The record reveals that the only contested issue concerning guilt was whether or not the appellant was intoxicated at the time of the accident. The "hanging flesh" statement would not be germane to the issue of appellant's intoxication. Further, appellant's punishment was assessed by the court, and the court is presumed to have disregarded improper argument. *See Kimithi v. State,* 546 S.W.2d 323, 327 (Tex.Cr.App.1977); *Rhine v. State,* 642 S.W.2d 228, 229 (Tex. App.—Houston [14th Dist.] 1982). I therefore cannot understand how the appellant was harmed.

Aside from the harmless character of the argument, I cannot totally agree that the argument was error. The record is replete with evidence of the injuries suffered by the occupants of the car with which the appellant's car collided. Among those injuries were "deep third degree burns to the hands and to the wrist". The hands were displayed to the jury, and photographs of both sides of the hands were introduced into evidence and included with this record on appeal.

This writer cannot well describe the pitiful sight of those gnarled and disfigured hands which appear to be 100% scar tissue. Although there is no evidence that the flesh was "hanging", the prosecutor, I would hold, was dramatically describing an injury which was obvious from the evidence. Certainly the meaning of *Alejandro v. State,* 493 S.W.2d 230 (Tex.Cr.App.1973), and its progeny does not prohibit, *per se,* argument outside the record, but rather the *interjection of new facts* by arguing outside the record. Nothing of significance was introduced in this case by the argument of the prosecutor. Therefore, I would hold that this argument is not error. Accordingly, I dissent to the opinion of the majority.

---

1. The first statement, cited by majority "... and see those two burning boys with the flesh hanging off their arms ..." was improperly preserved by objection. [Appellant's Attorney]: "... there is not one single person who's testified they even saw the *Mustang* burning." (Emphasis supplied).