William Sylvester CLARK, Appellant,

v.

The STATE of Texas, State.

No. 2–84–310–CR.

Court of Appeals of Texas,
Fort Worth.

June 19, 1985.

Charles Warren Van Cleve, Arlington, for appellant.

Tim Curry, Criminal Dist. Atty., and C. Chris Marshall, Asst. Dist. Atty., Fort Worth, for State.

Before BURDOCK, HILL and HOPKINS, JJ.

## OPINION

HILL, Justice.

William Sylvester Clark appeals his conviction by a jury of the offense of murder. TEX.PENAL CODE ANN. sec. 19.02(a)(1) (Vernon 1974). The jury assessed his punishment at life in the Texas Department of Corrections. In two grounds of error, he urges that the trial court erred in failing to submit a requested instruction regarding accomplice testimony, and that the trial court erred in not granting a mistrial due to the prosecutor injecting race into the case by means of his final argument.

We affirm.

By ground of error number one, Clark maintains that the trial court erred in failing to submit his requested instruction regarding accomplice testimony. Clark alleges that the State's main witness, Milton Punch, was an accomplice, and that the jury should have been instructed accordingly.

■ An accomplice is one who has participated with another before, during or after the commission of a crime. *See Villarreal v. State*, 576 S.W.2d 51, 56 (Tex. Crim.App.1978), *cert. denied*, 444 U.S. 885, 100 S.Ct. 176, 62 L.Ed.2d 114 (1979). One is not an accomplice witness who cannot be prosecuted for the offense with which the accused is charged. *Russell v. State*, 598 S.W.2d 238, 249 (Tex.Crim.App.), *cert. denied*, 449 U.S. 1003, 101 S.Ct. 544, 66 L.Ed.2d 300 (1980). A person may be prosecuted as a party to an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. TEX.PENAL CODE ANN. sec. 7.02(a)(2) (Vernon 1974).

■ In determining whether a person was a participant in an offense, the courts may look to events before, during, and after commission of the offense, including actions which show an understanding and common design to do a certain act. *Harris v. State*, 645 S.W.2d 447, 457–58 (Tex.Crim. App.1983); *Alexander v. State*, 607 S.W.2d 551, 553 (Tex.Crim.App.1980). A witness is not deemed an accomplice witness merely because he knew of the crime but failed to disclose it or even concealed it. *Russell v. State*, 598 S.W.2d at 249. An accessory after the fact is not an accomplice witness unless there is a previous agreement to act as an accessory after the fact. *See also Easter v. State*, 536 S.W.2d 223, 228 (Tex. Crim.App.1976); *Emmett v. State*, 654 S.W.2d 48, 50 (Tex.App.—Dallas 1983, no pet.).

■ Milton Punch testified that at about 10:00 p.m. on November 4, 1983, Clark, who was driving Punch's car, pulled up to a deserted baseball diamond in Como Park. The car was occupied by Clark; Bill Phillips, the decedent; Punch; and a man named Bedford. According to Punch, Clark demanded money from Phillips and fired shots at him, hitting Punch in the hand and causing Punch to make a rapid exit from the car. Bedford also rapidly exited from the vehicle. Subsequently, Clark handed Punch some money and told him to count it. Clark directed Punch to remove the deceased's body from the car and undress him. Punch and Bedford removed the body from the car and left it on the ground. They removed the deceased's clothing and boots and placed them in the trunk of the car. The body was left in a ravine. They later returned to get the deceased's credit union identification. Clark, Punch and Bedford then went to Clark's house where they spent the night. The next morning, the deceased's clothing was placed in a dumpster located in another part of town. Punch testified Clark told him that he would kill him if he ever told on him. Punch further testified that he did not know of Clark's plan to rob the deceased, that he did not know Clark had a gun until shots were fired, and that he agreed to help dispose of the body and clothes only because he feared Clark would kill him if he did not.

There is in this case no evidence that Punch knew anything about the offense before it was committed. It follows that he was not an accomplice witness, so that the trial court was under no duty to submit the requested instruction to the jury. *See Arney v. State,* 580 S.W.2d 836, 839 (Tex. Crim.App.1979).

Clark relies on the case of *Emmett v. State,* 654 S.W.2d at 48 to argue that some participation in the crime raises a fact issue as to the witness's complicity which should be presented to the jury along with an instruction on accomplice testimony. In that case, the alleged accomplice witness, like the alleged accomplice witness in this case, had assisted Emmett after the murder. The court held in that case that such behavior was sufficient evidence to raise the issue of whether he had previously agreed to such behavior. However, the evidence in that case had shown that Emmett had told the witness of his intent to murder the deceased and that the witness had lied to the police numerous times in seeking to establish an alibi for Emmett and himself. We believe that these additional factors, which are not present in the case at bar, led to the result in *Emmett.*

Clark relies on *Skelton v. State,* 626 S.W.2d 589 (Tex.App.—Texarkana 1981, no pet.) for the proposition that if the evidence raises a fact issue on a witness's status as an accomplice, and if there is no other direct evidence connecting the accused with the offense, then the failure to give a proper instruction is reversible error. As stated above, there is in this case no evidence raising such a fact issue for the jury to decide.

We overrule ground of error number one.

In ground of error number two, Clark asserts that the trial court erred in denying his motion for mistrial when the prosecutor injected race into the trial by means of final argument.

During final argument on punishment the prosecutor argued: "Ladies and gentlemen, there may have been a time in our society when a minority Defendant who killed another minority man___." At this point, Clark's counsel objected to the argument on the ground that it injected race into the punishment phase of the trial. Counsel's objection was sustained, and the trial court instructed the jury not to consider the argument for any reason. Counsel's motion for mistrial was overruled.

■ To constitute reversible error, an argument must, in light of the record as a whole, be extreme or manifestly improper, violative of a mandatory statute, or it must inject new facts, harmful to the accused at trial. *Goocher v. State,* 633 S.W.2d 860, 864 (Tex.Crim.App.1982).

■ Viewing the record as a whole, we find that the argument was not so manifestly improper as to deprive Clark of a fair trial, especially in view of the court's instruction to disregard the statement. *See Plunkett v. State,* 580 S.W.2d 815, 825 (Tex.Crim.App.1978).

Clark says that "reference to race taints, and taints indelibly", citing *Allison v. State,* 248 S.W.2d 147 (Tex.Crim.App.1952). *Allison* contains no such language, and does not stand for the proposition that a mere mention of race is error. Instead, *Allison* turns on the court's conclusion *"that State's counsel sought to condemn as a class all testimony coming from members of the colored race"* when he argued to the jury, " 'I am not criticizing the defendant for bringing a witness of the same race. I just want to let you know for the purpose of the record they try to help their own race.' " *Id.* at 147–48 (emphasis in original). There is no similar prosecutorial argument in the instant case. In fact, although the prosecutor's sentence was never completed, it appears that he was making a plea for fair and equal law enforcement for members of all races, not a plea to excite racial prejudice.

We overrule ground of error number two.

The judgment is affirmed.