Edward R. BRYANT, Appellant,

v.

The STATE of Texas, Appellee.

No. 03–99–00787–CR.

Court of Appeals of Texas, Austin.

Aug. 31, 2000.

Robert O. Harris, III, Killeen, for appellant.

Arthur C. Eads, Dist. Atty., James T. Russell, Administrative Asst., Belton, for State of Texas.

Before Justices JONES, YEAKEL and PATTERSON.

LEE YEAKEL, Justice.

A jury found appellant Edward R. Bryant guilty of intentionally or knowingly injuring a child. *See* Tex. Penal Code Ann. § 22.04 (West Supp.2000). The jury assessed punishment at imprisonment for life and a $10,000 fine. We will reverse and remand.

Appellant does not challenge the sufficiency of the evidence, which reflects that he struck and shook his four-month-old daughter in March 1999, causing massive permanent brain damage and other injuries. It is relevant to appellant's first point of error that the child's mother is white and appellant is black.

In his first point, appellant contends the district court should have declared a mistrial after the prosecutor made a racial remark. The remark was made during the prosecutor's cross-examination of appellant at the guilt stage:

Q: Okay. Did you get a white girl named Rebecca pregnant who had your baby in May of '99 whose daddy is Tim Lyons?

A: No, sir.

Defense counsel objected "to the relevance of that" and asked that the jury be excused. Outside the jury's presence, the court asked the prosecutor to explain "the relevancy of getting a girl pregnant in May of 1999." The prosecutor replied that it was relevant to "dispel that false impression left with this jury that this is his only kid. They brought that up on direct." Defense counsel denied suggesting that appellant had no other children and again objected to the relevance "of any other child being born." The prosecutor was then permitted to question appellant about the second child; he denied paternity. Defense counsel then stated his objection in full:

Your Honor, there's two parts to this. One, it's not any relevancy [sic] and secondly, at this point the defense now moves for a mistrial because the inference and you got a white girl pregnant. I do not believe we can introduce that element in this trial.

There is an inference there and I don't know what the purpose of it is but that is an inference. And I don't believe that that's appropriate in this court, in a court of law at this time and I don't see how it has any relevance at all and I'm concerned that the Court cannot cure that with an instruction for the jury to disregard if the Court sees fit.

The court sustained the relevance objection, overruled the motion for mistrial, and asked counsel if the defense wanted a jury

instruction. Counsel asked for "an instruction advising the jury to disregard the question and disregard any inference that it may carry." When the jurors returned, the court admonished them, "[D]isregard, please, the last question that was made as to any other children being conceived or born after '99, sometime May of '99 or later and disregard that. That is not relevant and you are to place no importance or question or concern about that." Appellant did not object to the instruction or request further relief.

The State argues that appellant did not preserve error. It is true that appellant did not comply with the established procedure for preserving error. Rather than objecting to the remark, then asking for a curative instruction, and then asking for a mistrial, pursuing his complaint until he obtained an adverse ruling, appellant immediately moved for a mistrial. This forced the court to chose between letting the remark stand or declaring a mistrial. *See Penry v. State,* 691 S.W.2d 636, 649–50 (Tex.Crim.App.1985). We believe, however, that appellant did preserve the right to complain of the denial of the mistrial motion. *See Coe v. State,* 683 S.W.2d 431, 435–36 (Tex.Crim.App.1984).

The denial of a motion for mistrial is reviewed under an abuse of discretion standard. *See Trevino v. State,* 991 S.W.2d 849, 851 (Tex.Crim.App.1999). Ordinarily, a prompt instruction to disregard will cure error associated with an improper question or argument. *See Ovalle v. State,* 13 S.W.3d 774, 783 (Tex.Crim.App.2000). An offensive reference to the defendant's race has been held cured by a prompt instruction to disregard. *See Thornton v. State,* 451 S.W.2d 898, 903 (Tex.Crim.App. 1970).

The State seeks to excuse the prosecutor's statement by characterizing it as "one of identification." We are not persuaded by this argument. The prosecutor could and did identify the mother of the second child by name; the reference to her race was unnecessary. The State also argues that there was no harm from the remark because the mother of the injured child was also white. But the prosecutor's reference to a second "white girl" allegedly impregnated by appellant would have served to aggravate any lingering prejudice against interracial couples among the jurors. While the district court instructed the jury to disregard the question "as to any other children being conceived," the admonition did not expressly extend to the prosecutor's reference to "a white girl."

Racially prejudicial remarks and appeals to racial prejudice have no place in a courtroom. *See Allison v. State,* 157 Tex.Crim. 200, 248 S.W.2d 147, 148 (1952). We would like to believe that the prosecutor was not deliberately appealing to racial prejudice, but we cannot ignore the clear implication of his remark. We conclude that the district court abused her discretion by overruling the motion for mistrial.

Having sustained the first point of error, we need not address point of error two. The judgment of conviction is reversed and the cause is remanded to the district court.