Motion for Rehearing Overruled, Motion to Publish Granted; Affirmed,
Opinion of February 21, 2006, Withdrawn, and Substitute Opinion filed May 18,
2006









Motion for Rehearing Overruled, Motion to Publish
Granted; Affirmed, Opinion of February 21, 2006, Withdrawn, and Substitute
Opinion filed May 18, 2006.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00941-CR

____________

 

EVER AVONCE MORENO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 988,889

 



 

S U B S T I T U T E   O P I N I O N

We overrule appellant Ever Avonce Moreno=s motion for
rehearing and grant his motion to publish. 
See Tex. R. App. P.
47.2(b). We withdraw the opinion issued in this case on February 21, 2006, and
we issue the following opinion in its place.








Challenging his conviction for possession
of a controlled substance (heroin) with the intent to deliver, appellant
attacks the legal and factual sufficiency of the evidence, contends the trial
court erred in admitting evidence of extraneous offenses, and asserts the State
violated his due process rights by referring to his status as an illegal
immigrant during closing argument in the punishment phase.  We affirm. 

I.  Factual
and Procedural Background

On May 24, 2004,
Officer Thomas Chapman with the narcotics division of the Houston Police
Department was investigating appellant for suspected narcotics
transactions.  Officer Chapman had
observed appellant over several days and had seen him complete what appeared to
be a hand-to-hand transaction involving narcotics.  He identified appellant and learned that he
had three active municipal warrants for various traffic violations.  Officer Chapman followed appellant and when
he observed him committing another traffic violation, Officer Chapman called
dispatch to get a uniformed patrol officer to stop appellant=s vehicle. 

Officer Louis Lopez heard the dispatch to
stop appellant=s vehicle and pulled his vehicle in behind
appellant=s vehicle. 
When appellant turned without using his turn signal, Officer Lopez
activated the police vehicle=s lights and
siren, but appellant did not pull over to the side of the road.  Officer Lopez then used his amplified speaker
to demand, in both English and Spanish, that appellant pull over.  Appellant refused.  It was not until another police car pulled in
front of appellant=s vehicle and blocked the roadway that
appellant finally stopped.

Officer Lopez approached appellant=s car and ordered
him to put up his hands.  Officer Lopez
testified that he had a difficult time seeing appellant because the windows on
the car were heavily tinted.  Appellant got
out of his vehicle, but refused to put his hands behind his back.  After a brief physical struggle, Officer
Lopez wrestled appellant to the ground and handcuffed him.








Officer Chapman arrived at the scene and
saw appellant throw a cigarette box on the ground.  Two balls of black tar heroin were found
inside that box.  The officers,
concluding the discovery of the narcotics gave them probable cause, then
conducted a search of appellant=s vehicle.  This search yielded a container of heroin in
tiny balloons as well as some cocaine, a pill bottle with five balloons filled
with heroin, and another container with several balloons of heroin.  The total weight of the heroin was 49.4
grams.  Officer Chapman testified that
the heroin was packaged as if it were ready to be sold, and the amount of
heroin found in appellant=s possession was consistent with
distribution.

Appellant was charged with the felony
offense of possession of less than 200 grams of heroin with the intent to
deliver.  He pleaded not guilty.  A jury found appellant guilty of the charged
offense and assessed punishment at twelve years= confinement.  

                                                      II.  Issues

Appellant asserts the following points on
appeal:

(1)B(2)         The
evidence is legally and factually insufficient to support the jury=s finding that appellant intended
to deliver the heroin found in his vehicle;

(3)               The
admission of Officer Chapman=s testimony regarding the extraneous Anarcotics transactions@ was reversible error; and

(4)               Appellant=s due process rights were violated
when the State referred to his status as an illegal immigrant and allegedly
argued that this status warranted a stiffer punishment than probation. 

 

III.  Analysis

A.      Is the evidence legally and factually
sufficient to support the jury=s finding that appellant intended to deliver the heroin
found in appellant=s vehicle? 

 

In his first two
issues, appellant contends that the evidence is legally and factually
insufficient to prove his guilt of the charged offense.  More specifically, appellant challenges the
evidence supporting the Aintent to deliver@ component of his
conviction.








In evaluating a
legal-sufficiency challenge, we view the evidence in the light most favorable
to the verdict.  Wesbrook v. State,
29 S.W.3d 103, 111 (Tex. Crim. App. 2000). 
The issue on appeal is not whether we, as a court, believe the State=s evidence or
believe that appellant=s evidence outweighs the State=s evidence.  Wicker v. State, 667 S.W.2d 137, 143 (Tex.
Crim. App. 1984).  The verdict may not be
overturned unless it is irrational or unsupported by proof beyond a reasonable
doubt.  Matson v. State, 819
S.W.2d 839, 846 (Tex. Crim. App. 1991). 
The jury, as the trier of fact, Ais the sole judge
of the credibility of the witnesses and of the strength of the evidence.@  Fuentes v. State, 991 S.W.2d 267, 271
(Tex. Crim. App. 1999).  The jury may
choose to believe or disbelieve any portion of the witnesses= testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex.
Crim. App. 1986).  When faced with
conflicting evidence, we presume the trier of fact resolved conflicts in favor
of the prevailing party.  Turro v.
State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).  Therefore, if any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt,
we must affirm.  McDuff v. State,
939 S.W.2d 607, 614 (Tex. Crim. App. 1997).








In contrast, when
evaluating a challenge to the factual sufficiency of the evidence, we view all
the evidence in a neutral light and inquire whether the jury was rationally
justified in finding guilt beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d 477, 484
(Tex. Crim. App. 2004).  A reviewing
court may find the evidence factually insufficient in two ways.  Id. 
First, when considered by itself, the evidence supporting the verdict
may be too weak to support the finding of guilt beyond a reasonable doubt.  Id. 
Second, after weighing the evidence supporting the verdict and the
evidence contrary to the verdict, the contrary evidence may be strong enough
that the beyond-a- reasonable-doubt standard could not have been met.  Id. at 484B85.  In conducting the factual-sufficiency review,
we must employ appropriate deference so that we do not substitute our judgment
for that of the fact finder.  Id.
at 481B82.  Our evaluation should not intrude upon the
fact finder=s role as the sole judge of the weight and
credibility given to any witness=s testimony.  Cain v. State, 958 S.W.2d 404, 407 (Tex.
Crim. App. 1997).  In conducting a
factual-sufficiency review, we must discuss the evidence appellant claims is
most important in allegedly undermining the jury=s verdict.  Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003).

A person commits
the offense of possession with intent to deliver a controlled substance if he
knowingly or intentionally possesses a drug with the intent to deliver it.  Tex.
Health & Safety Code Ann. ' 481.113(a)
(Vernon Supp. 2002).  APossession@ means actual
care, custody, control, or management.  Tex. Health & Safety Code Ann. ' 481.002(38)
(Vernon Supp. 2002).  The element of
knowing possession requires evidence that the accused possessed the substance
knowingly rather than fortuitously. 
Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).  The elements of possession may be proven by
circumstantial evidence.  McGoldrick
v. State, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985). 








ADeliver@ means to
transfer, actually or constructively, a controlled substance to another.  Tex.
Health & Safety Code Ann. ' 481.002(8)
(Vernon Supp. 2002).  Intent to deliver a
controlled substance can be proved by circumstantial evidence, including
evidence that an accused possessed the contraband.  Patterson v. State, 138 S.W.3d 643,
649 (Tex. App.CDallas 2004, no pet.); Mack v. State,
859 S.W.2d 526, 528 (Tex. App.CHouston [1st
Dist.] 1993, no pet).  Factors courts
have considered include: (1) the nature of the location at which the accused
was arrested; (2) the quantity of contraband in the accused=s possession; (3)
the manner of packaging; (4) the presence or lack thereof of drug paraphernalia
(for either use or sale); (5) the accused=s possession of
large amounts of cash; and (6) the accused=s status as a drug
user.  Lewis v. State, 664
S.W.2d 345, 349 (Tex. Crim. App. 1984); Williams v. State, 902 S.W.2d
505, 507 (Tex. App.CHouston [1st Dist.] 1994, pet. ref=d).  The number of factors present is not as
important as the logical force the factors have in establishing the elements of
the offense.  Gilbert v. State,
874 S.W.2d 290, 298 (Tex. App.CHouston [1st
Dist.] 1994, pet. ref=d). 
An oral expression of intent is not required.  AIntent can be
inferred from the acts, words, and conduct of the accused.@  Patrick v. State, 906 S.W.2d 481, 487
(Tex. Crim. App. 1995).  Expert testimony
by experienced law enforcement officers may be used to establish an accused=s intent to
deliver.  See Mack, 859 S.W.2d at
529.  

Despite appellant=s contentions, it
is not necessary that appellant be found with large amounts of cash to show
intent to deliver.  Such evidence is only
one factor of many that we may consider. 
In this case, appellant was found in possession of two balls of black
tar heroin and a significant number of heroin balloons.  The search of appellant=s vehicle yielded
a container of heroin balloons as well as some cocaine, a pill bottle with five
other balloons filled with heroin, and another container with several more
balloons of heroin.  Officer Chapman
testified that the heroin was packaged as if it were ready to be sold, and the
amount found in appellant=s possessionC49.4 gramsCwas consistent
with distribution.  Appellant was also in
possession of unfilled balloons like those that were used as packaging material
for the heroin, and there was no evidence that appellant was in possession of drug
paraphernalia with which to consume the heroin. 
Moreover, appellant initially failed to stop for the police, struggled
with them as they tried to effect an arrest, and then attempted to discard some
of the contraband.  See Holloway v.
State, 525 S.W.2d 165, 167 (Tex. Crim. App. 1975) (holding that
evidence of flight from the scene of crime is a circumstance from which an
inference of guilt may be drawn).








From this
evidence, a jury rationally could have found, beyond a reasonable doubt, that
appellant possessed this contraband with the intent to deliver and not solely
for his personal use.  See Jordan v.
State, 139 S.W.3d 723, 726 (Tex. App.CFort Worth 2004,
no pet.) (holding that evidence was sufficient to show intent to deliver where
(1) accused was arrested in a high-crime area where Adrug houses@ were located, (2)
accused did not possess any drug paraphernalia indicating an intent to use, (3)
two officers testified that packaging of the drugs, in capsule form and in
individual bags, indicated an intent to sell, and (4) an experienced narcotics
officer testified that the amount of narcotics in accused=s possession
indicated an intent to sell); Misner v. State, No.
04-03-00323-CR, 2004 WL 73WL730838, at *3 (Tex. App.CSan Antonio Apr.
7, 2004, pet. ref=d) (not designated for publication)
(holding evidence legally and factually sufficient to show intent to deliver
where officer testified that amount of heroin was consistent with a person
intending to package and sell, and the record showed that heroin was divided
into two separate containers); Mack v. State, 859 S.W.2d 526, 528
(Tex. App.CHouston [1st Dist.] 1993, no pet.)
(holding that 8.9 grams of crack cocaine in 29 rocks in a known drug-dealing
area without paraphernalia for smoking or otherwise using cocaine was sufficient
to show intent to deliver).  We conclude
that the evidence is legally and factually sufficient to support appellant=s conviction of
possession of the heroin with the intent to deliver.  Accordingly, we overrule appellant=s first two
issues.

B.      Was the trial court=s admission of Officer Chapman=s testimony regarding extraneous Anarcotics transactions@ reversible error?

 

In his third
issue, appellant argues that the trial court erred in admitting Officer Chapman=s testimony regarding
behavior evidence of appellant shortly before his arrest in this case.  Officer Chapman testified that he had
observed appellant over a period of several days and had seen him complete what
appeared to be a hand-to-hand transaction involving narcotics.  During this observation, appellant would
drive to a location, park closely to another vehicle, money and objects would
be exchanged, and then the vehicles would quickly separate.  Appellant objected to this testimony at trial
under Texas Rules of Evidence 403 and 404 on the stated grounds that this
testimony constituted inadmissible extraneous-offense evidence.  The trial court overruled appellant=s objections. 








We review a trial
court=s ruling on the
admissibility of evidence under an abuse-of-discretion standard.  Mozon v. State, 991 S.W.2d 841, 847 (Tex.
Crim. App. 1999).  We reverse only if the
ruling is outside the zone of Areasonable
disagreement.@  Montgomery v. State, 810 S.W.2d 372, 388B90 (Tex. Crim.
App. 1990) (op. on reh=g). 
We must view the evidence in the light most favorable to the trial court=s ruling, giving
the trial court almost total deference on its findings of historical fact that
find support in the record.  Guzman v.
State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). 

An extraneous
offense is not admissible unless (1) the transaction is relevant to a material
issue in the case and (2) the relevancy value of the evidence outweighs its
inflammatory or prejudicial potential.  Mann
v. State, 718 S.W.2d 741, 743 (Tex. Crim. App. 1986).  Moreover, it is well-settled that
extraneous-offense evidence, which is indivisibly connected to the charged
offense, may be admissible to provide context for the offense.  Lockhart v. State, 847 S.W.2d 568, 571
(Tex. Crim. App. 1992); Mayes v. State, 816 S.W.2d 79, 86B87 n.4 (Tex. Crim.
App. 1991).  When an offense is one
continuous transaction, or is closely interwoven with the case on trial, proof
of all such facts is proper.  Id.  Evidence of these extraneous offenses is
admissible to show the context in which the criminal act occurred.  Id. 
This context permits the jury to realistically evaluate the evidence
because Acrimes do not
occur in a vacuum.@  Wilkerson
v. State, 874 S.W.2d 127, 131 (Tex. App.CHouston [14th
Dist.] 1994, pet. ref=d). 








In the present
case, appellant=s actions in the days before his arrest,
as described by Officer Chapman were part of the same criminal transaction that
led to appellant=s arrest.  See Nelson v. State, 864 S.W.2d 496, 498B99 (Tex. Crim.
App. 1993).  Officer Chapman=s testimony
regarding appellant=s extraneous behavior was admissible to
show the context in which the criminal act occurred, and this behavior was
relevant to show that appellant had the intent to deliver.  See Swarb v. State, 125 S.W.3d
672, 682 (Tex. App.CHouston [1st Dist.] 2003, pet. dism=d) (holding
evidence of arrest warrant for extraneous drug delivery in a correction
facility was admissible same-transaction contextual evidence in narcotics
possession trial where evidence provided context to show why officers were
searching for defendant and where trial court instructed jury that it could
consider evidence only for informational purposes); Payton v. State, 830
S.W.2d 722, 726, 729 (Tex. App.CHouston [14th
Dist.] 1992, no pet.) (holding that evidence that [appellant] sold cocaine
approximately two days before his arrest was relevant to whether he possessed
the cocaine with the intent to deliver). 
We conclude that the trial court did not abuse its discretion in ruling
this evidence relevant and admissible as same-transaction contextual evidence,
and in overruling appellant=s objections to
Officer Chapman=s testimony. 

Even if the trial
court had erred in overruling these objections, appellant still could not
prevail because the record does not show that these rulings would be reversible
error.  Under Texas Rule of Appellate
Procedure 44.2(b), we are to disregard any error unless it affects appellant=s substantial
rights. 
Tex. R. App. P. 44.2(b).  A
substantial right is affected when the error had a substantial, injurious
effect or influence on the jury=s verdict.  See King v. State, 953 S.W.2d 266, 271
(Tex. Crim. App. 1997).  The weight of
the evidence of appellant=s guilt is relevant in conducting the harm
analysis under Rule 44.2(b).  Motilla
v. State, 78 S.W.3d 352, 360 (Tex. Crim. App. 2002).  In this case, the evidence of guilt is
overwhelming.  Appellant was found in
possession of two balls of black tar heroin and several balloons filled with
additional heroin.  The search of
appellant=s vehicle revealed another container of
heroin in tiny balloons as well as some cocaine.  Also located in the vehicle was a pill bottle
with five balloons filled with heroin, and another container with several more
balloons of heroin.  There was no
evidence that appellant was in possession of drug paraphernalia with which to
consume the heroin.  Moreover, appellant
initially failed to stop for the police, struggled with them during the arrest,
and then attempted to discard some of the contraband.  Finally, the testimony in question amounted
to only a few lines of the entire record. 
See id. at 359.  We
conclude that, even if the trial court erred in overruling appellant=s objections, this
error would not affect appellant=s substantial
rights.  See Tex. R. App. P. 44.2(b). 
Accordingly, we overrule appellant=s third issue. 








C.      Were appellant=s due process rights violated when
the State referred to his status as an illegal immigrant and allegedly argued
that this status warranted a stiffer punishment than probation?

 

In
his fourth issue, appellant contends that his due process rights were violated
when the State, during closing argument, referred to his status as an illegal
immigrant and implied that appellant deserved greater punishment than probation
because of this status.  Appellant=s issue is based
on the following statements by the prosecutor during closing argument in the
punishment phase: 

You heard
him testify that he walked over here, he walked across the border illegally.  You know what he=s going to do if you put him on
probation? He=s going to walk right back.  That is no punishment at all.  Even if he is put on probation, he can=t meet the terms of his
probation.  He=s here illegally, he=s automatically in violation of the
law.  Automatically in violation of
federal law by his mere presence because he is here illegally.  He has to work faithfully at employment.  He can=t work if he is here illegally.  He has to remain within a specified
place.  He=s not going to do that . . . 

He comes
over here illegally and poisons our society with all these drugs.  If he wants to deal heroin, why doesn=t he go back to Mexico and do it in
his own country instead [of] coming here and poisoning our citizens of Harris
County and selling these drugs in our community? 

I submit to
you that as much dope as he hadBhe had over 50 grams of heroin. And you know what he
deserves for 50 grams of heroin?  He
deserves 50 years in prison.  Get him off
the streets.  It=s not going to stop the problem, it=s not going to end our drug problem
in this country, but it=s one more dealer off the
street.  There is a break in the chain
right now because he is sitting right there. 
And we need to keep it that way. 

 








Appellant failed
to make a single objection to this jury argument during trial.  On appeal, he argues that no objection was
necessary because his fundamental rights were violated.  We disagree with appellant and conclude that
to hold as appellant urges would be contrary to binding precedent.  In Cockrell v. State, the Court
of Criminal Appeals expressly overruled its prior precedents, in which it had
held that a defendant does not waive an objection to jury argument by failing
to obtain an adverse ruling thereon if an instruction to disregard could not
have cured the erroneous jury argument. 
933 S.W.2d 73, 89 (Tex. Crim. App. 1996).  The Cockrell court held that a
defendant=s failure to object to a jury argument or
a defendant=s failure to pursue to an adverse ruling
his objection to a jury argument forfeits his right to complain about the
argument on appeal.  See id.  The Court of Criminal Appeals has applied the
Cockrell holding to closing arguments that allegedly violate the
defendant=s due process rights.  See Ladd v. State, 3 S.W.3d 547, 569B70 (Tex. Crim.
App. 1999).  Appellant does not cite to
any post-Cockrell authority, nor can we find any that would
support his position that there is an exception to Cockrell in this
case.[1]
 Therefore, we hold that, even if the
complained-of argument violated appellant=s due process
rights and even if it could not have been cured by an instruction to disregard,
appellant failed to preserve error by his failure to voice an objection in the
trial court.  See Threadgill v.
State, 146 S.W.3d 654, 670B71 (Tex. Crim.
App. 2004) (reaffirming the holding in Cockrell and expressly holding
that because appellant failed to object to the allegedly improper jury
argument, he forfeited his right to raise it on appeal even if such argument
could not have been cured by an instruction); Ladd, 3 S.W.3d at 569B70; Cockrell,
933 S.W.2d at 89; Campos v. State, 946 S.W.2d 414, 417B18 (Tex. App.CHouston [14th
Dist.] 1997, no pet.) (following Cockrell and holding that although the
prosecutor=s arguments were improper, appellant
failed to preserve error because he did not obtain a ruling on his request for
an instruction to disregard). 
Accordingly, we overrule appellant=s fourth
issue.   

 








Having overruled
all of appellant=s issues, we affirm the trial court=s judgment.

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

Judgment rendered and Substitute Opinion filed May 18,
2006.

Panel consists of Justices Frost, Seymore, and Mirabal.[2]

Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  We note that
appellant has filed a letter brief in which he relies on Allison v. State,
248 S.W.2d 147 (Tex. Crim. App. 1952). 
We conclude that this case is not on point because it is pre-Cockrell
and because the defendant in that case objected to the closing argument in
question and the trial court denied defendant=s
request for an instruction to disregard.  See Allison v. State, 248 S.W.2d
147, 148 (Tex. Crim. App. 1952).  In his
letter brief, appellant also relies on Bryant v. State, 25 S.W.3d
924 (Tex. App.CAustin 2000, pet. ref=d)
(holding trial court abused its discretion by denying motion for
mistrial).  We conclude that Bryant
is not on point because it did not involve improper closing argument and
because the defendant in that case preserved error by moving for a
mistrial.  See Bryant, 25
S.W.3d at 925B26. 





[2]  Senior Justice
Margaret Garner Marabal sitting by assignment.