# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00434-CR

**Jeffrey Allen Whitfield, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT NO. 63048, HONORABLE JOE CARROLL, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

A jury found appellant Jeffrey Allen Whitfield guilty of aggravated sexual assault, and the trial court assessed punishment at ninety-nine years' imprisonment. *See* Tex. Penal Code Ann. § 22.021 (West Supp. 2009). In a single point of error, appellant contends that the State offered evidence at the punishment stage that his race makes it likely that he will engage in future criminal conduct. We overrule this contention and affirm the conviction.

The complainant testified that she was walking home from a friend's house at 2:30 a.m. when a passing car stopped beside her. Appellant was identified as the driver and sole occupant of the car. Appellant asked the complainant if she knew where Illinois Street was. The complainant said that she did not. Appellant then asked the complainant if she would like a ride. The complainant initially declined the offer, but appellant was persistent and she ultimately agreed. Appellant began driving around, ostensibly to see if he could find Illinois Street. The complainant

testified that she began to tell herself, "I made a mistake and I'm in trouble." Appellant eventually turned onto a dirt road and stopped. Appellant offered the complainant drugs in exchange for sex. The complainant refused. Appellant then produced a pistol, pointed it at the complainant, and demanded that she masturbate him. Fearing for her life, she complied. Appellant then seized the complainant's head and forced her to take his penis into her mouth.

At about this time, Deputy Robert Preston, who was on routine patrol, noticed appellant's parked car and shined his spotlight on it to see if it was occupied. Seeing two persons inside the car, Preston stopped, activated his emergency lights, and approached appellant's vehicle to do a "welfare check." He immediately noticed that the complainant was crying and trying to open the car door. She eventually succeeded, and she ran toward the officer's patrol car. The complainant told Preston what had happened, and appellant was arrested.

In testimony at the punishment stage, appellant admitted having sex with the complainant but claimed that it was consensual. During cross-examination by the prosecutor, appellant was asked about his tattoos. Appellant testified that the word "crip" on his right arm was "a gang-related tattoo." Appellant also acknowledged having the words "thug for life" tattooed on his back. The prosecutor asked, "Do you think you've been a thug pretty well all your life?" Appellant answered, "Not really, sir." There was no objection to this questioning, and defense counsel did not pursue the matter on redirect. Following up on this testimony in her closing argument to the court, the prosecutor said without objection:

> Everything about Jeffrey Whitfield can be encapsulated in that tattoo that he carries around proudly on his back which says "thug for life" because that's exactly how he's led his life. The jury has convicted him of a horrendously, horrendously

serious crime, and he needs to be held accountable for it. And he needs to think every single day while he sits in prison about what he has done and what he has done to [the complainant] and how he has made her pay with the rest of her life. He needs to pay with the rest of his life. And we would ask you to sentence him to life in prison because he's earned it, every single day.

The State may not offer evidence to establish that the defendant's race or ethnicity makes it likely that he will engage in future criminal conduct. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(2) (West Supp. 2009). In his only point of error, appellant contends that the prosecutor's use of the "thug for life" tattoo at the punishment stage violated this statute. This contention was not preserved for review by a trial objection. *See* Tex. R. App. P. 33.1; *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). In any event, the record does not support the contention.

In his brief to the Court, appellant asserts that the phrase "thug for life" is a variation on the title of a song by the late Tupac Shakur, "Thug 4 Life." He argues:

In African-American culture, the phrase "Thug for Life" has taken on a meaning much different than "I want to be a career criminal." Rather the phrase "Thug for Life," or living the "Thug Life" has come to symbolize strength for black Americans living in inner cities pulling themselves out of poverty and seemingly hopeless situations. It can symbolize a pledge for African-Americans to work together and keep kids from getting hooked on drugs, pregnant women from being addicts, and solidarity as a community. Tupac Shakur, now deceased, has a foundation operating in his name dedicated to helping educate and better the lives of children.

. . . . Tupac Shakur's life has become intertwined in the culture and identity of black America. . . . A comment on "Thug for Life" is a comment on Tupac Shakur. A comment on Tupac Shakur is a comment on race. A comment on

3

race, in a plea for a life sentence is inherently prejudicial. The comments by the State on "Thug for Life" have no place in the courtroom.

(Internet citations omitted.) Appellant argues that although the phrase "thug for life" is not explicitly racial, "it is in common usage a description about the Appellant's national [sic] identity and heritage." He asserts that the State misled the trial court by "mischaracterizing that bit of the Appellant's nationality and identity to imply that he took internal pride in being a career criminal rather than someone who identified with the social and economic struggle of black Americans."

Assuming that the phrase "thug for life" can, in some contexts, have the sociological significance appellant claims for it, there is no evidence that appellant's tattoo was an expression of his own racial pride and solidarity. Moreover, as appellant acknowledges, the phrase "thug for life" is not an explicit reference to appellant's race, and there is no evidence that either the prosecutor or the trial court was aware of the racial significance appellant attributes to it in his brief. Appellant argues that this makes the error more harmful because "the more likely conclusion is that the judge was swayed by the State's implication that the Appellant was so committed to being a career criminal that he tattooed words dedicating that ambition across his back." But this argument contradicts appellant's contention that the State was using his race to justify a harsh punishment. If the court was misled by the prosecutor into believing that the tattoo merely expressed appellant's desire to be a career criminal, there was no violation of article 37.07, section (a)(2) or other impermissible use of appellant's race.

We agree with appellant that racially prejudicial remarks and appeals to racial prejudice have no place in a courtroom. *See Bryant v. State*, 25 S.W.3d 924, 926 (Tex.

4

App.—Austin 2000, pet. ref'd). There is, however, no evidence that the State used appellant's "thug for life" tattoo as an indirect reference to his race or as evidence of future criminality due to his race. There is no evidence that the trial court took the phrase "thug for life" at anything other than face value.

The point of error is overruled, and the judgment of conviction is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed:   August 3, 2010

Do Not Publish